[L. A. No. 3839.   Department One.—March 31, 1915.]

In the Matter of the Estate of R. T. HARRIS, Deceased; CLARA G. FULSOM, Appellant; MARIA L. HARRIS, Respondent.

JOINT TENANCY—PERSONAL PROPERTY MAY BE HELD IN.—Personal property may be held by two or more persons in joint tenancy. There is no distinction, in this respect, between real property and personal property.

ID.—JOINT TENANCY OF PERSONAL PROPERTY MAY BE CREATED BY PAROL AGREEMENT.—As the law does not require the execution of a writing to effect a transfer of personal property, it follows that a joint tenancy in personal property may be created by an oral agreement by which the title to the property is transferred to two persons as joint tenants.

ID.—RIGHT OF SURVIVORSHIP.—One of the incidents of a joint tenancy is that, upon death of one or two joint tenants, the survivor thereupon becomes the sole owner of the entirety, not by descent, but by survivorship and in virtue of the original grant creating the tenancy.

ID.—AGREEMENT BETWEEN HUSBAND AND WIFE FOR JOINT TENANCY— JOINT TENANCY IN BANK DEPOSITS—PROPERTY ACQUIRED WITH MONEY TAKEN FROM BANK.—A husband and wife, shortly after their marriage, entered into an agreement providing that all the property held or acquired by either or both of them during the marriage should be held together in joint ownership as joint tenants. To carry out this agreement all money received by either of them from any source was deposited in a bank from time to time to their joint account in pursuance of an agreement between them which was entered in writing in the pass-book of the account as follows: "It is expressly agreed that the money represented by the within account is, and all future deposits of the account shall be, the joint property of the undersigned, and is and shall be held in joint tenancy, subject to checks by either of us during life, and at the death of either the balance remaining in this account does and shall belong to the survivor, and the bank is directed to pay such balance to such survivor upon his or her check and the return of this book." With money taken from this joint account the property in controversy was acquired, and it was agreed between them that the title thereto should be taken and held by them as joint tenants in the same manner as the money was deposited. *Held*, that the property acquired with money taken from the bank account retained the character of joint property, and passed to the wife by right of survivorship upon the death of the husband.

APPEAL from an order of the Superior Court of Orange County settling the account of the administratrix of the estate of a deceased person. Z. B. West, Judge.

The facts are stated in the opinion of the court.

Williams & Rutan, for Appellant.

Scarborough & Forgy, for Respondent.

SHAW, J.—Personal property may be held by two or more persons in joint tenancy. There is no distinction, in this respect, between real property and personal property. (*Denigan* v. *San Francisco Sav. Union,* 127 Cal. 142, [78 Am. St. Rep. 35, 59 Pac. 390]; *Kennedy* v. *McMurray, ante,* p. 287, [146 Pac. 647].)

"A joint interest is one owned by several persons in equal shares, by a title created by a single will or transfer, when expressly declared in the will or transfer to be a joint tenancy, or when granted or devised to executors or trustees as joint tenants." (Civ. Code, sec. 683.)

"A transfer may be made without writing, in every case in which a writing is not expressly required by statute." (Civ. Code, sec. 1052.) Section 1091 of the Civil Code provides that an estate in real property can be transferred only by operation of law, or by a duly executed instrument in writing. But there is no provision of the code which requires the execution of a writing to effect a transfer of personal property. It follows, therefore, that a joint tenancy in personal property may be created by an oral agreement by which the title to the property is transferred to two persons as joint tenants.

One of the incidents of a joint tenancy is that, upon the death of one of two joint tenants, the survivor thereupon becomes the sole owner of the entirety, not by descent, but by survivorship and in virtue of the original grant creating the tenancy. (*Hannon* v. *Southern Pac. R. R. Co.,* 12 Cal. App. 356, [107 Pac. 335]; *Kennedy* v. *McMurray, ante,* p. 287, [146 Pac. 647]; *De Witt* v. *San Francisco,* 2 Cal. 297; *Greer* v. *Blanchar,* 40 Cal. 197.) No rights of creditors are involved in this case, and consequently, we need not determine whether or not a creditor would have a right to resort to the estate

of a decedent in property held in joint tenancy by him and another person.

These propositions determine the rights of the parties here and uphold the decision of the court below. The decedent and Maria L. Harris were married twenty-three years before his death. Each had some separate property and they accumulated other property by their joint efforts during the marriage. An agreement was made between them in the early years of their marriage, which, in effect, provided that all the property held or acquired by either or both of them during the marriage should be held together in joint ownership as joint tenants. To carry out this agreement, the money received from earnings, proceeds of property, and all other sources by either of them, was deposited in a bank from time to time to their joint account in pursuance of an agreement between them which was entered in writing in the pass-book of said account as follows: "It is expressly agreed that the money represented by the within account is, and all future deposits of the account shall be, the joint property of the undersigned, and is and shall be held in joint tenancy, subject to checks by either of us during life, and at the death of either the balance remaining in this account does and shall belong to the survivor, and the bank is directed to pay such balance to such survivor upon his or her check and the return of this book." All the property in controversy was acquired with money from this joint account, and it was agreed between them that the title thereto should be taken and held by them as joint tenants in the same manner as the money was deposited. Some of it was corporate stock, the certificates whereof were issued to R. T. Harris and were by him indorsed and placed in a safe-deposit box in which they kept the papers pertaining to the joint property. Part of it was loaned upon a note made payable to "R. T. Harris or Maria L. Harris."

Upon the death of R. T. Harris, his widow, respondent herein, was appointed administratrix of his estate. She filed her final account as such administratrix showing total receipts of five thousand and forty dollars, and that she had paid out all of it and a little more on debts of the decedent and on expenses of administration. She did not include in the account the joint property in controversy nor account for it at all in the administration. There were no children

of the marriage and Harris left no father, mother, or issue, surviving. The appellant, a sister of Harris, objected to the final account, claiming that the property acquired as above stated was not held in joint tenancy, but was either community property of the marriage or the separate property of the decedent, in either of which alternatives, a portion of it would descend to the sister and all of it would have been subject to administration. The court overruled her objections, decided that the property belonged to Maria L. Harris, that nothing remained to be accounted for in the estate and adjudged the account settled. From this order the sister appealed. The case is not essentially different from *Kennedy* v. *McMurray, ante,* p. 287, [146 Pac. 647]. The property acquired with money taken from the bank account would retain the character of joint property, the same as the money with which it was obtained, unless by some agreement between the parties its character was changed. No such agreement was made, but the contrary was agreed upon. On the authority of the case of *Kennedy* v. *McMurray,* the order of the court below is correct.

The order is affirmed.

Sloss, J., and Lawlor, J., concurred.