PEARL H. MARROW, Respondent, *v.* ESTHER MOSKOWITZ et.al., as Executors of FANNIE MANHEIMER, Deceased, Appellants.

(Submitted November 18, 1930; decided January 6, 1931.)

*Edward C. Weinrib* and *Benjamin Seligman* for appellants. Plaintiff cannot invoke subdivision 3 of section 249 of the Banking Law providing that the form of a joint account is conclusive evidence on the death of one of the depositors, when the account is not in statutory joint form but is in the sole name of the deceased depositor. The plaintiff's evidence does not make out a cause of action. (*Moskowitz* v. *Marrow*, 251 N. Y. 380; *Newhouse* v. *Harrinck*, 229 App. Div. 392.) The defendants were entitled to show that defendant's testatrix was old, blind and ill, and intended only to create a joint account for her convenience. The court erred in excluding all of defendants' evidence. (*Kelly* v. *Beers*, 194 N. Y. 49; *Moskowitz* v. *Marrow*, 251 N. Y. 380; *O'Connor* v. *Dunnigan*, 158 App. Div. 334; 213 N. Y. 676.) The evidence excluded was competent and wholly destroyed the presumption, if any, in favor of the plaintiff. (*Anson* v. *Savings Bank*, 140 N. Y. Supp. 1017; *Moskowitz* v. *Marrow*, 251 N. Y. 380.)

*Henry C. Burnstine* for respondent. The evidence by which defendants attempted to rebut the presumption as to the intent of defendants' testatrix in creating the joint account on October 3, 1923, by showing what she said, did and wrote in and after October, 1924, was properly excluded. (*Kelly* v. *Home Sav. Bank*, 103 App. Div. 141; *Scheps* v. *Bowery Sav. Bank*, 97 App. Div. 434; *Tierney* v. *Fitzpatrick*, 195 N. Y. 433; *Moore* v. *Fingar*, 131 App. Div. 399; *Mabie* v. *Bailey*, 95 N. Y. 206; *Gick* v. *Stumpf*, 204 N. Y. 413; *Gorton* v. *Lane*, 208 App. Div. 833; *Matter of Humphrey*, 183 N. Y. Supp. 133.) Defendants' testatrix could not deprive plaintiff of her right and title to the fund as surviving joint tenant by changing the

accou.it to her individual name and thus taking the fund into her possession. (*Matter of Klenk*, 165 App. Div. 917; 214 N. Y. 715; *Bruff* v. *Rochester Trust & Safe Deposit Co.*, 125 Misc. Rep. 579; 218 App. Div. 67; *O'Connor* v. *Dunnigan*, 158 App. Div. 334; 213 N. Y. 676.)

CARDOZO, Ch. J. Defendants' testatrix, Fannie Manheimer, opened an account in the Yorkville Bank of New York city on October 3, 1923, in the name of " Pearl Harris or Fannie Manheimer, payable to either or survivor " (Banking Law; Cons. Laws, ch. 2, § 249, subd. 3).

On January 19, 1925, she closed the account by withdrawing the entire fund and depositing it in a new account opened in her own name.

This action is brought by Pearl Harris, now Pearl Harris Marrow, against the executors of Mrs. Manheimer to establish as to the joint account a title by survivorship, and to recover to her own use the moneys withdrawn therefrom.

This court in *Moskowitz* v. *Marrow* (251 N. Y. 380) determined the interests of the same parties in other bank accounts opened in a like form. The opinions at the Appellate Division suggest some confusion of thought as to the effect of our ruling, and hence for greater certainty we state it again.

When a bank account is opened in the form prescribed by statute (Banking Law, § 249, subd. 3), a presumption at once arises that the interest of the depositors is that of joint tenants. Upon the death of one of the depositors, this presumption becomes conclusive in favor of the survivor in respect of any moneys then left in the account. It continues to be a mere presumption in respect of any moneys previously withdrawn.

The moneys now in controversy were no longer in the account at the death of Mrs. Manheimer. They had been taken out during her life. The withdrawal did not

destroy the joint tenancy or the title of the survivor, if a joint tenancy had been created. It did, however, open the door to competent evidence, if any was available, that the tenancy created at the opening of the account was in truth something different from the tenancy defined by the presumption. It had no other force.

The defendants offered evidence in an attempt to neutralize the presumption, but what was offered was properly rejected as being incompetent against the plaintiff. The evidence consisted of statements made by Mrs. Manheimer to nurses and others in the absence of the plaintiff after the account had been established. Such hearsay declarations were unavailing to divest a title, or to shatter the presumption that a title was intended (*Moskowitz* v. *Marrow, supra,* at p. 400; *Tierney* v. *Fitzpatrick,* 195 N. Y. 433, 434, 435; *Mabie* v. *Bailey,* 95 N. Y. 206, 211).

The fact that Mrs. Manheimer was blind and helpless would indeed have been a corroborating circumstance if evidence had been offered that by the agreement of the depositors the tenancy in its inception did not accord with the presumption. In the absence of other evidence, her disabilities were without significance. A corroborating circumstance is worthless when there is nothing to corroborate.

The judgment should be affirmed with costs.

POUND, CRANE, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Judgment affirmed.