In the Matter of the Estate of BERNARD DARASHINSKY, Deceased.

Surrogate's Court, New York County, August 3, 1932.

*Lester M. Friedman*, for the respondent, appellant.

*Bergner, Millendorf & Bergner*, for Sarah Risin, petitioner.

*William Sadoff*, for the petitioner.

FOLEY, S. I hold upon the evidence in this discovery proceeding that the moneys deposited in the joint savings bank account in the name of the decedent and the respondent, Jack Finkelstein, are the property of the estate and should be delivered to it. In reaching this conclusion I have considered and applied the rules laid down in three recent decisions of the Court of Appeals (*Moskowitz* v. *Marrow*, 251 N. Y. 380; *Marrow* v. *Moskowitz*, 255 id. 219, and *Matter of Porianda*, 256 id. 423). The documentary evidence

with respect to the nature of the account and as to whether it was a joint account without provision for survivorship, or a joint tenancy with survivorship is not clear, but for the purpose of this proceeding the distinction is immaterial. It has been established to my satisfaction that the account was a joint account, payment to be made to the survivor. The evidence is also sufficiently clear to overcome any presumption created by the statutory rule under section 249 of the Banking Law with respect to withdrawals in the lifetime of both joint tenants. After death, ownership in the survivor, as construed by the above decisions, is conclusive. As to withdrawals in the lifetime of both by either, the statutory rule imposes a mere presumption which may be overcome by evidence. " This presumption does not apply ' in respect of any moneys withdrawn by either during life ' (*Moskowitz* v. *Marrow*, *supra*, at p. 397); it applies only ' in favor of the survivor in respect of any moneys then left in the account.' (*Marrow* v. *Moskowitz*, 255 N. Y. 219, 221.) The withdrawal of moneys from the joint account does not destroy the joint tenancy, if one was created; it merely opens the door to competent evidence, if available, that no joint tenancy was originally intended or created." (*Matter of Porianda*, *supra*, at p. 426.)

In this proceeding the moneys were all withdrawn by the respondent in the lifetime of the decedent and were transferred to the respondent's individual bank account. The opening of the joint account was plainly for the convenience of the decedent, because of his contemplated entrance into a hospital to undergo an operation. All the moneys were previously in his individual account. Three hundred dollars of the fund were used by the mother of the respondent to pay for the decedent's hospital expenses. If further withdrawals were necessary they could be made by the respondent for the decedent's purposes. The title to the remaining moneys in the joint account was retained by the decedent to the time of his death and I find that no part thereof, and particularly neither one-half nor all of this fund became the individual property of the respondent. I believe the testimony of the witnesses as to the admissions made by Jack Finkelstein, to the effect that the moneys belonged to and continued to be the property of the decedent, his grandfather. It is significant also that the proceeds of a note belonging to the decedent and collected in his lifetime by the respondent or his mother were deposited in the joint account and subsequently transferred by the respondent to his individual account.

The evidence as to a gift of the fund by the decedent to the

respondent after the opening of the account was unconvincing and insufficient.

A decree may be submitted on notice directing the delivery of the sum of $2,184.44 by the respondent to the administrators. On account of that sum, the decree may contain a specific provision pursuant to the amended form of section 206 of the Surrogate's Court Act, directing delivery of the moneys now in the Bowery Savings Bank in the individual account of the respondent. The evidence establishes without dispute that these moneys represent a transfer from the joint account and under the new power of the Surrogate's Court, where a transfer of the decedent's funds has occurred, the proceeds may be followed and decreed to be paid to the representative of the estate.

The decree may contain a further direction that the difference between the total amount due, viz., $2,184.44, and the amount of the deposit in the Bowery Savings Bank be paid by the respondent. Submit decree on notice accordingly.