THOMAS MASSEY, Plaintiff, *v.* MAY CULLEN and Another, Defendants.*

Supreme Court, Kings County, August 24, 1932.

*Jeremiah A. O'Leary*, for the motion.

*Reiss & Reiss*, opposed.

CUFF, J.  Plaintiff sues his daughter and the bank to have money on deposit in the bank in the name of the daughter declared plaintiff's. Plaintiff alleges that he gave that money to his wife to open

---

* See, also, 143 Misc. 794.

a savings account in her name but for his benefit. She opened the account in her name. Later, she became ill and a new account in her and her daughter's name was opened and the money deposited. This was done for the convenience of the wife in making withdrawals. The wife has died and the daughter claims the money. The plaintiff never surrendered the passbook. Section 249, subdivision 3, of the Banking Law provides: " When a deposit shall be made by any person in the names of such depositor and another person and in form to be paid to either or the survivor of them, such deposit and any additions thereto made by either of such persons after the making thereof, shall become the property of such persons as joint tenants, and the same together with all dividends thereon shall be held for the exclusive use of such persons and may be paid to either during the lifetime of both or to the survivor after the death of one of them, and such payment and the receipt or acquittance of the one to whom such payment is made shall be a valid and sufficient release and discharge to such savings bank for all payments made on account of such deposit prior to the receipt by such savings bank of notice in writing not to pay such deposit in accordance with the terms thereof. The making of the deposit in such form shall, in the absence of fraud or undue influence, be conclusive evidence, in any action or proceeding to which either such savings bank or the surviving depositor is a party, of the intention of both depositors to vest title to such deposit and the additions thereto in such survivor." The saving clauses in the last sentence are not available to plaintiff because he does not plead fraud or undue influence. In paragraph " fifth " he alleges: " That thereafter and on or about the 5th day of August, 1929, for the sole purpose of convenient withdrawals from the said account and in pursuance of arrangements between plaintiff and the said Katherine Massey, the aforesaid account was changed so that withdrawals therefrom might be made by May Cullen, the daughter of the plaintiff and said Katherine Massey." The statute establishes the relationship of joint tenants, where a depositor and another open a survivorship account. His act, as stated in the fifth paragraph of his complaint, brings this case squarely within the law. There is a conclusive presumption in favor of joint tenancy on these facts. (*Marrow* v. *Moskowitz*, 255 N. Y. 219.) The complaint is insufficient. This motion for judgment in favor of defendant Cullen is granted.

Motion granted.