[Civ. No. 10382. Second Appellate District, Division One.—October 15, 1935.]

In the Matter of the Estate of JOHN M. McCOIN, Deceased. JOHN B. McCOIN, Appellant, v. W. B. WINEINGER et al., Respondents.

Hugh A. White and Kaye & Johnstone for Appellant.

James E. Fenton, Edward V. Jones and Will H. Light for Respondents.

SHINN, J., *pro tem.*—This is an appeal from a decree in probate, distributing the sum of $1,091.30 to appellant, father of decedent, and an equal amount to respondents, heirs of Lula Mae Wineinger McCoin, predeceased wife of decedent. All sums of money involved were acquired as community property of decedent and his wife Lula Mae McCoin. If, at the time of death of Lula Mae McCoin, the money was the property of the community, it was properly distributed by the decree appealed from. If, at that time, the property was held in joint tenancy by decedent and his wife, or if it was the separate property of decedent, the whole thereof, and not the half, was distributable to appellant as sole heir of the decedent.

The decedent John M. McCoin and Lula Mae McCoin married in May of 1920, and were husband and wife until the death of the wife on December 21, 1932. ▪ The court found upon facts that were stipulated and upon evidence that was introduced, as follows: "That on the 5th day of January, 1926, the decedent John M. McCoin and his wife, Lula Mae McCoin, deposited in the Farmers & Merchants Bank of Long Beach a joint account in the sum of $1,500, at which time they entered into an agreement in writing executed by them pertaining to the said account, in words and figures following:

"Authorized signature of Mr. and Mrs. J. M. McCoin In Account with Sav. Dept. Farmers and Merchants Bank of

Long Beach. We, the undersigned, hereby agreed, to and give each to the other, a joint ownership in all moneys now on deposit or at any time hereafter deposited by us for us, or either of us, together with all accumulations thereon, in our account with the above-named bank, payable to either of us, or to the survivor, and authorize each the other to endorse and cash or deposit checks payable to either of us.

"We hereby agree to the rules governing the Savings Department of the Farmers and Merchants Bank of Long Beach, as to all deposits and withdrawals made on this amount.

"Signature Mrs. J. M. McCOIN
"Signature J. M. McCOIN
"Date 193 Dept. $——"

The court further found that other sums deposited, which brought the total to $2,357.02, came from community funds and became separate property by reason of deposit in the joint account; that on December 20, 1932, the day before the death of his wife, J. M. McCoin withdrew said sum from the joint account and deposited the same in an account in his individual name, and that the same again became community property. The money distributed to the parties to this appeal consisted of the balance of $2,357.02, less expenses of administration. The court concluded, as a matter of law, that the funds so withdrawn from the joint account and deposited by decedent in his individual account were the property of the community at the time of the death of Mrs. McCoin.

That the effect of the agreement was to convert the community ownership into a joint ownership cannot be questioned. It has been so held in *Kennedy* v. *McMurray*, 169 Cal. 287 [146 Pac. 647, Ann. Cas. 1916D, 515]; *Estate of Harris*, 169 Cal. 725 [147 Pac. 967], *Estate of Gurnsey*, 177 Cal. 211 [170 Pac. 402], and *Siberell* v. *Siberell*, 214 Cal. 767 [7 Pac. (2d) 1003].

In *Estate of Harris*, *supra*, it was held that the withdrawal of funds in bank, jointly owned, and their investment in other property, taken in the husband's name, did not alter the joint ownership or divest the wife of her interest therein, the court saying, "property acquired with money taken from the bank account would retain the character of joint property, the same as the money with which it was obtained, unless by some

agreement between the parties its character was changed". In the instant case there was no agreement between the husband and wife, nor does it appear that the wife even had knowledge of the withdrawal of the funds by her husband.

Under the principles declared by the foregoing authorities, which are directly in point, it follows that the withdrawal of the money from the bank by J. M. McCoin did not have the effect of terminating the wife's interest therein, and that upon the death of his wife title to the money became entire and absolute in the husband, as the surviving owner, but not as the surviving member of the community.

Therefore appellant, as the sole heir at law of J. M. McCoin, deceased, was entitled to have distributed to him the entire sum of $2,182.60.

The decree appealed from is reversed, and the trial court is directed to distribute to appellant John B. McCoin, subject to any further deductions in course of administration, the sum of $2,182.60.

Houser, P. J., and York, J., concurred.

A petition by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 5, 1935.