CHARLES WESLEY SMITH, Respondent, v. HARRY SALOP, Appellant.— Judgment for plaintiff in the sum of $4,325 and costs, recovered in an action for personal injuries sustained by reason of the alleged negligence of the defendant in improperly constructing a covering over a trench situated in a courtyard of premises of which the plaintiff was caretaker, affirmed, with costs. No opinion. Lazansky, P. J., Young and Johnston, JJ., concur; Hagarty and Taylor, JJ., dissent and vote for reversal and a new trial, being of opinion that it was incumbent upon the plaintiff to show that the covering was constructed in such a manner that plaintiff, in the exercise of his senses, was justified in believing that he could walk upon it with safety, and, further, that an invitation, express or implied, had been extended to him so to do, or that it was necessary in the course of his duties to make such use of the covering. In these respects the plaintiff's proof is deficient.

HELEN VIRANO, Respondent, v. ROBERT RODTZ, Appellant, and THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, Defendant.—Action in equity, brought by plaintiff, to cancel the change in beneficiary made by the deceased insured, Fred J. Rodtz, in his insurance policy for $5,000, issued by the Prudential Insurance Company of America, by which change defendant Rodtz was substituted as beneficiary in place of plaintiff, the claim being that the change was induced by fraud practiced on the insured by said defendant. Judgment in favor of the plaintiff setting aside such change of beneficiary reversed on the law, with costs, and complaint dismissed upon the merits, with costs. Findings of fact and conclusions of law inconsistent herewith are reversed and new findings and conclusions will be made. Plaintiff's proofs utterly fail to establish, even *prima facie*, plaintiff's charge that the change was induced by the fraud of defendant Robert Rodtz. The declarations of the deceased insured made after the change of beneficiary, proved by the plaintiff, and upon which she relies, were incompetent as evidence of the fraud charged. (*Marrow* v. *Moskowitz*, 255 N. Y. 219, 222; *Matter of Berardini*, 238 App. Div. 433; *Beattie* v. *Garrison*, 204 id. 335; affd., 236 N. Y. 574; *Conkling* v. *Weatherwax*, 181 id. 258; *Vrooman* v. *King*, 36 id. 477; *Gick* v. *Stumpf*, 204 id. 413; 1 Wigmore Ev. [2d ed.] § 529.) The proof, in the light of the documentary evidence in decedent's handwriting, demonstrated as a matter of law that there was no fraud. Carswell, Davis, Johnston and Taylor, JJ., concur; Hagarty, J., dissents and votes to affirm. Settle order on notice.