In the Matter of the Application of JOHN HEITMAN, Respondent, One of the Executors, etc., of ALWIN JUEDEL, Also Known as ALVIN JUEDEL, Deceased, to Discover Certain Property of Said Deceased Said to Be Withheld.   DORIS HARMON and GEORGE I. HARMON, Appellants.— Decree of the Surrogate's Court, Queens

county, adjudging that petitioner-respondent is entitled to the sum of $5,304.91, and directing the appellant Doris Harmon to deliver bank books evidencing such moneys, reversed on the law and proceeding dismissed on the merits, without costs. As to the amount remaining in the joint account at the time of decedent's death, the presumption is conclusive, in the absence of a showing of fraud or undue influence, that the survivorship provision is applicable. As to the moneys withdrawn during the decedent's lifetime, such presumption is rebuttable. But no proof was adduced which was availing to destroy that presumption. (*Marrow* v. *Moskowitz*, 255 N. Y. 219; *Moskowitz* v. *Marrow*, 251 id. 380; *Matter of Poriando*, 256 id. 423.) The sole proof which bears at all upon the opening of the joint account prior thereto, is testimony to the effect that the respondent suggested to decedent that such an account be opened. There is nothing in this testimony from which an inference might be drawn that the joint account subsequently opened was not in fact what it purported to be. No proof at all was adduced with respect to the manner in which the account itself was opened. Lazansky, P. J., Hagarty, Johnston, Adel and Close, JJ., concur.