ESTATE OF HAROLD W. GRANT, DECEASED, JENNIE H. GRANT, ADMINISTRATRIX, WITH THE WILL ANNEXED, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 111078.    Promulgated March 9, 1943.

*John Francis Digardi, Esq.,* for the petitioner.
*Harry R. Horrow, Esq.,* for the respondent.

OPINION.

MELLOTT, *Judge:* The applicable provisions of the Internal Revenue Code are shown in the margin.[1]

Petitioner does not question the propriety of including in gross estate the interest of the decedent in any property held in joint tenancy on the date of the death of decedent. *United States* v. *Jacobs*, 306 U. S. 363; *Emma Melczer, Executrix*, 23 B. T. A. 124 (petition to review dismissed, 63 Fed. (2d) 1010). Nor does she seem to question the soundness of the rule that the entire amount in a joint account of a decedent and his wife is includible in his gross estate in the absence of evidence that part of the deposit originally belonged to the wife. *Herbert D. Robinson, Executor*, 21 B. T. A. 1373; affd., 63 Fed. (2d) 652; certiorari denied, 289 U. S. 758; *City Bank Farmers*

---

[1] SEC. 811. GROSS ESTATE.

The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated, except real property situated outside of the United States—

(a) DECEDENT'S INTEREST.—To the extent of the interest therein of the decedent at the time of his death;

\* \* \* \* \* \*

(c) TRANSFERS IN CONTEMPLATION OF, OR TAKING EFFECT AT DEATH.—To the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, in contemplation of or intended to take effect in possession or enjoyment at or after his death, or of which he has at any time made a transfer, by trust or otherwise, under which he has retained for his life or for any period not ascertainable without reference to his death or for any period which does not in fact end before his death (1) the possession or enjoyment of, or the right to the income from, the property, or (2) the right either alone or in conjunction with any person, to designate the persons who shall possess or enjoy the property or the income therefrom; except in case of a bona fide sale for an adequate and full consideration in money or money's worth. Any transfer of a material part of his property in the nature of a final disposition or distribution thereof, made by the decedent within two years prior to his death without such consideration, shall, unless shown to the contrary, be deemed to have been made in contemplation of death within the meaning of this subchapter;

\* \* \* \* \* \*

(e) JOINT INTERESTS.—To the extent of the interest therein held as joint tenants by the decedent and any other person, or as tenants by the entirety by the decedent and spouse, or deposited, with any person carrying on the banking business, in their joint names and payable to either or the survivor, except such part thereof as may be shown to have originally belonged to such other person and never to have been received or acquired by the latter from the decedent for less than an adequate and full consideration in money or money's worth \* \* \*

*Trust Co., Executor,* 23 B. T. A. 663; *American Security & Trust Co. et al., Executors,* 24 B. T. A. 334; *Walter J. Reese, Executor,* 25 B. T. A. 38; *Estate of Benjamin Franklin McGrew,* 46 B. T. A. 623 (on appeal C. C. A., 6th Cir.). The contention is that since the amount in issue was not actually in the joint bank accounts on the date of death no joint tenancy then existed.

The parties discuss at some length the essentials of an estate in joint tenancy—unity of time, title, interest, and possession. They recognize that at common law an absence of any one of the unities changed the nature of the estate. Respondent contends California does not follow the common law but holds that, despite the destruction of unity of title, personal property acquired with joint tenancy funds will be deemed to be held in joint tenancy in the absence of an agreement to the contrary. He therefore argues that since no agreement to the contrary has been shown in the instant proceeding the funds standing in the name of the wife in the various bank accounts continued to be held in joint tenancy and are therefore includible in gross estate under section 811 (e), *supra.* Petitioner contends that respondent misconstrues the California law. The cases cited and discussed are: *Estate of Harris,* 147 Pac. 967, and *Estate of Harris,* 72 Pac. (2d) 873, both decided by the Supreme Court of California, and *Swartzbaugh* v. *Sampson,* 54 Pac. (2d) 73; *Lagar* v. *Ericson,* 56 Pac. (2d) 1287; and *Security First National Bank of Los Angeles* v. *Stack,* 90 Pac. (2d) 337, decided by courts of appeal. The last four cases stem from the rule announced in the first, which is that where a joint tenancy is created under an agreement that all property held or acquired by either or both of the spouses is to be held as joint tenants, "property acquired with money taken from the joint bank account would retain the character of joint property, the same as the money with which it was obtained, unless by some agreement between the parties its character was changed." Petitioner therefore contends that an agreement to change the character of the tenancy is required only where the facts are parallel to those in the *Harris* case.

In the recent case of *Wallace* v. *Riley,* 74 Pac. (2d) 807, 813 (hearing denied by Supreme Court January 27, 1938), it was said:

Contrary to the rule of the common law (which was applied in New York to a joint tenancy account in *Estate of Suter,* 258 N. Y. 104, 179 N. E. 310), it has become the established principle in California that, if money is taken from a joint tenancy account during the joint lives of the depositors, property acquired by the money so withdrawn, or another account into which the money is traced, will retain its character as property held in joint tenancy like the original fund, unless there has been a change in the character by some agreement between the parties. This departure from the rule of the common law was first announced in *Estate of R. T. Harris,* 169 Cal. 725, 728, 147 P. 967, and, in determination of questions recently arising in the estate of his widow, was reaffirmed in *Estate of*

*Maria L. Harris* (Cal. Sup.) 72 P. 2d 873. See, also *Estate of McCoin*, 9 Cal. App. 2d 480, 482, 50 P. 2d 114; *Lagar* v. *Erickson*, 13 Cal. App. 2d 365, 370, 56 P. 2d 1287; *Re Kessler*, 217 Cal. 32, 17 P. 2d 117; *Young* v. *Young*, 126 Cal. App. 306, 312, 313, 14 P. 2d 580; *Chamberlain* v. *Chamberlain*, 2 Cal. App. 2d 684, 688, 38 P. 2d 790.

If the California law is as construed by the respondent—and we are of the opinion that it is—then the deficiency should be upheld; for it is clear that the estate was not broken by agreement. Decedent was in a coma and unable to make any valid agreement. On the other hand, even if the California law were as construed by petitioner, the same conclusion must be reached; for. there has been no showing that the deposits were not made under the same conditions as existed in the *Harris* case.

Upon brief petitioner says: "The burden of proof was upon the respondent and not upon the petitioner to prove that there was in force and effect, at the date of death of the decedent, an agreement between the decedent and * * * [his wife] that all of the amounts on deposit in their names as joint tenants should continue to be funds jointly owned by them with right of survivorship." The statement is incorrect. The burden of proof rule has been stated again and again by the courts and the Board of Tax Appeals. See, e. g., *Thomas J. Avery* v. *Commissioner*, 22 Fed. (2d) 6; *Wickwire* v. *Reinecke*, 275 U. S. 101; *Welch* v. *Helvering*, 290 U. S. 111; *Old Mission Portland Cement Co.* v. *Helvering*, 293 U. S. 289; *Rogers* v. *Commissioner*, 111 Fed. (2d) 987; *Helvering* v. *Taylor*, 293 U. S. 507; *Burnet* v. *Houston*, 283 U. S. 223; *Emma C. Gundlach, Executrix*, 7 B. T. A. 1062; *Dayton Co.* v. *Commissioner*, 90 Fed. (2d) 767. The Commissioner's determination is presumed to be correct and it is incumbent upon the petitioner to establish by a fair preponderance of the evidence that it is erroneous.

So far we have assumed, as the parties have done upon brief, that the rules of law applicable to joint estates in the state of the domicile of decedent and his wife are controlling. Carrying the assumption forward it seems that an estate in joint tenancy actually existed. Sec. 15 (a), Act 652 (Banks and Banking), General Laws of California, Deering, provides, in effect, that when a deposit is made in a bank in the name of the depositor and another, it and the additions thereto "become the property of such persons as joint tenants." The question then arises: Was the joint tenancy severed? No conveyance was made by either of the tenants, no partition occurred and the interest of neither was subjected to a sale under execution. Cf. *Gwinn* v. *Commissioner*, 287 U. S. 224, affirming 54 Fed. (2d) 728. The wife merely reduced the property to her possession; but since the possession of one tenant is, in the eyes of the law, the possession of all, this did not sever the estate. Cf. *In Re Gurnsey*, 170 Pac. 402. Moreover a joint tenancy implies that the interests of the joint owners shall remain until

death and then that the holder shall take all. While a transfer may be made by one, thus severing the tenancy, the grantee and the other joint tenant become tenants in common; but the tenant not joining in the conveyance is not thereby deprived of his interest in the property. *Smith* v. *Lombard*, 201 Cal. 518; 258 Pac. 55; *Tilden* v. *Tilden*, 81 Cal. App. 535; 254 Pac. 310; *Pepin* v. *Stricklin*, 299 Pac. 557. As Justice Cardozo remarked in *Marrow* v. *Moskowitz*, 255 N. Y. 219; 174 N. E. 460:

The withdrawal [by the tenant who had made the deposit in a joint bank account] did not destroy the joint tenancy or the title of the survivor, if a joint tenancy had been created. It did, however, open the door to competent evidence, if any was available, that the tenancy created at the opening of the account was in truth something different from the tenancy defined by the presumption. It had no other force.

The books are full of cases involving joint bank accounts. Frequently the controversy has been between the estate of the original owner of the deposit or decedent's heirs at law and the one claiming the entire amount as the survivor. (See Annotations A. L. R. 1917, c. 550; and 48 A. L. R. 189.) The initial premise usually adopted by the courts is that if the survivor is entitled to the funds it must be because they have somehow passed from the decedent to him. The inquiry therefore is: Did they pass by gift, trust, or bequest? (59 A. L. R. 975.) The question of bequest usually drops out of consideration; for the transfer has not been in compliance with the statute of wills, and unless the survivor can show title by gift or trust his claim to the fund generally fails.

It is unnecessary to explore at length the question of a gift from decedent to his wife. If a gift were actually made, it, for aught appearing in this record, might well be includible in gross estate under subdivision (c) of section 811, *supra*. At least two of the savings accounts were opened within two years preceding decedent's death and the amounts on deposit in the third had been deposited within the same period. In view of our conclusion that the amount in issue is includible in gross estate under subdivision (e), however, respondent's contention that it is includible under subdivision (c) may be passed.

While we are content to rest our decision upon the fact that decedent and his wife were joint tenants, the amount in issue also comes within the literal language of the latter portion of subdivision (e). It had been "deposited with any person carrying on the banking business in * * * [the] joint names [of decedent and another]" and was "payable to either or the survivor." It is not without significance that the word "deposited" is used in the statute rather than a phrase such as "on deposit at the time of the death of the decedent." Petitioner has not undertaken to show that any part originally belonged to the wife or had been received by her from the decedent for adequate and

full consideration in money or money's worth. An assumption to that effect should not be made.

The respondent committed no error in determining the deficiency in tax.

*Decision will be entered for the respondent.*