ESTATE OF WILLIAM W. HICKS, DECEASED, ELEANOR G. HICKS, ADMINISTRATRIX, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Hicks v. Commissioner
Docket No. 2979-75.
United States Tax Court
T.C. Memo 1977-215; 1977 Tax Ct. Memo LEXIS 224; 36 T.C.M. (CCH) 905; T.C.M. (RIA) 770215; July 13, 1977, Filed Ely Hurwitz,Don R. Maranville and William L. Brock, for the petitioner. Thomas J. Miller, for the respondent. GOFFE
MEMORANDUM FINDINGS OF FACT AND OPINION GOFFE, Judge: The Commissioner determined a deficiency in Federal estate tax due from the Estate of William W. Hicks, deceased, in the amount of $3,881.79. Due to concessions, the sole issue for our decision is whether property in a stock margin account jointly held by decedent and his son is includable in decedent's gross estate under section 2040 or 2036, Internal Revenue Code of 1954. [1]
FINDINGS OF FACT Some of the facts have been stipulated. The stipulation of facts and attached exhibits are incorporated by reference. *225 At the time of filing the petition herein Eleanor G. Hicks, a resident of Denton, Texas, was the administratrix of the Estate of William Ward Hicks, deceased. Mr. William Ward Hicks died intestate on June 23, 1972. The Federal estate tax return for the estate of the decedent was filed with the Internal Revenue Service Center, Austin, Texas on June 15, 1973. Decedent and Mrs. Eleanor Hicks were married in Chicago in the late 1920's. Two children were born of the marriage, a daughter, Mary, born in 1938 and a son, William Weaver, born in 1942. The family moved to Marlow, Oklahoma in 1948. In 1957 decedent established a stock margin account, number 593-13265 (the account) with Merrill, Lynch, Pierce, Fenner & Smith, Inc. to help provide an education for his son. The account was a joint account held in the names of decedent and William Weaver Hicks, his son, as joint tenants with rights of survivorship. The address of record for the account from October 1963 through December 1972 was that of the decedent. However, the social security number of record for the account was that of decedent's son, William Weaver Hicks. For the taxable years 1971 and 1972 William Weaver Hicks *226 and his wife reported income from the account on their joint Federal income tax returns for those respective years. William Weaver lived with his family in Marlow, Oklahoma until 1960 when he left to attend New Mexico University. However, he entered the Navy in 1962 before completing his college education. William Weaver completed military service in 1971 and at that time he and his wife, whom he married in 1967, returned to live in Norman, Oklahoma. They continued to reside in Norman for three years while William Weaver completed his college education. On the date of decedent's death, the value of the property held in the joint stock margin account number 593-13265 with Merrill-Lynch was $26,950.18. The Commissioner, in his statutory notice of deficiency, determined that the entire value of the properties in the stock margin account with Merrill-Lynch was includable in decedent's gross estate. OPINION Petitioner maintains that section 2040[2] is applicable only where a decedent possessed at the time of death a beneficial interest in property jointly held and argues that decedent's interest in the joint stock account was purely nominal. More particularly, petitioner *227 argues that the joint stock account was merely a device to make a completed gift to decedent's son and avoid the cumbersome machinery of guardianship or formal trust. Section 2040 provides, in general, that the value of all jointly held property is to be included in the decedent's gross estate except that portion shown to be attributable to consideration supplied by the other joint owner. The determination of the Commissioner is presumptively correct and petitioner must show what part, if any, is properly excludable from decedent's gross estate. Welch v. Helvering,290 U.S. 111 (1933); Estate of Grant v. Commissioner,1 T.C. 731, 734 (1943). Relying upon the Estate of Chrysler v. Commissioner,361 F.2d 508 (2d Cir. 1966), revg. 44 T.C. 55 (1965), petitioner argues that no part of the property held in the joint stock account should be included in decedent's gross estate because decedent made a completed *228 gift of the property to his son. In Estate ofChrysler,supra, the Second Circuit found that the decedent had relinquished, in fact although not in form, all beneficial interest in the jointly-held property including the right of survivorship. However, petitioner has presented no evidence from which we can conclude that decedent intended to make a completed gift to his son; therefore, Estate of Chrysler is simply inapposite. Petitioner states on brief that decedent never used any of the funds for his own benefit. This statement is not supported by the record. The only witness called in this regard was decedent's widow who testified that she had no knowledge of whether decedent ever used any of the joint stock account funds for his own benefit. Petitioner further asserts that the joint account was merely used to avoid the "cumbersome procedure of guardianship or formal trust." This conclusion is belied by the record. William Weaver reached the age of majority, 21, in 1963, yet from that time until decedent's death in 1972 no changes were made in the names or addresses appearing on the account. After decedent's son reached majority there was no need *229 to continue the joint tenancy to avoid the cumbersome procedure of a guardianship or trust. There is no explanation why, if decedent intended to divest himself of all control over the property, he kept his name and address on the account; we can only conclude that no such intent existed. Wilson v. Commissioner,56 T.C. 579, 584 (1971). Finally, there is no evidence that decedent ever released his survivorship interest in the account. See Estate of Avery v. Commissioner,40 T.C. 392, 402 (1963). Accordingly, we hold petitioner has failed to rebut the presumption of correctness attaching to the Commissioner's determination. Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended.↩
2. SEC.2040(a)↩. GENERAL RULE.--The value of the gross estate shall include the value of all property to the extent of the interest therein held as joint tenants by the decedent and any other person, * * *.