OPINION OF THE COURT
William J. Regan, S.
The petitioner has made a claim against the estate with respect to certain transactions made by the decedent on or about February 7, 1958, concerning creation of a joint bank account. The executor has made a preliminary motion to dismiss the petition based on the fact that the petitioner’s claim is barred by the Statute of Limitations and/or laches. For the purposes of this motion, the following facts are stipulated by the parties. On February 7, 1958 the decedent herein went to a branch of the Erie County Savings Bank with his daughter, the petitioner herein, and opened a bank account in the name of the decedent and the petitioner as joint tenants with right of survivorship, with an opening deposit of $7,050.50. On or about July 17, 1958, some five months later, the decedent closed the account, withdrew the moneys therein, and opened a new account in the same bank in the name of the decedent and a son, brother of the petitioner herein. On or about April 28, 1969 the decedent closed this account and opened an account in his own name in the same bank with an opening balance of $10,012.70. On February 19, 1974, decedent transferred the funds in the last-mentioned account to an account in his own name in trust for his son, the executor. The opening balance was $8,767.20.
The decedent died on October 25, 1978, with the Totten Trust account still in existence with approximately $11,000 deposited therein. The petitioner concedes, for the purposes of *735 this argument, that her claim is limited to the original moiety with respect to the original deposit of $7,050.50, and does not claim the survivorship interest in the original account. The petitioner was cognizant of the opening of said account on February 7, 1958 in that she was present with the decedent at the bank when said account was created. The petitioner now, after approximately 20 years from the date of creation of said account, asserts her claim to the moiety of that account. Petitioner concedes that if the court finds that the Statute of Limitations commenced to run on the date of the account transfer into the new name, that the expiration of 18 years precludes any claim being asserted in that no period as long as 18 years is contemplated in any Statute of Limitations. The claimant contends that the Statute of Limitations does not commence to run until the death of the depositor. The petitioner contends that she had an election of causes of action available to her and that she has now elected to commence an action based upon a resulting or constructive trust which came into being on the date of deposit or on the date of first withdrawal, whichever the court may find, and that this trust continued during the lifetime of the depositor and required no action on the part of the petitioner as long as no derogation of her right was conveyed to her which required her to act. Petitioner maintains that she has made a timely and proper demand upon the representative of the trustee.
Section 675 of the Banking Law, in several cases decided therein, does not support the petitioner’s assertion that a trust was created. (Marrow v Moshowitz, 255 NY 219.) In this case it was the inaction of the petitioner to assert her claim during the lifetime of the decedent to her moiety interest, which action, if commenced, could have been defended by the decedent on the basis that said account was in fact created by him as a convenience account and not as a trust joint account. The inaction of the petitioner and the length of time which has elapsed since the creation of said account, place the fiduciary of the decedent’s estate in a poor position. The petitioner, by her inaction during the lifetime of the decedent, has in this court’s opinion consented and ratified the withdrawal of said moneys by the decedent and is therefore barred from pursuing the instant claim. The court finds, therefore, that the six-year Statute of Limitations commenced to run from the date of the close of the account by the decedent and therefore the instant claim is barred as not being timely made. The petition therefore is dismissed.