■ In the Matter of the Estate of ELIZABETH MULLEN, Deceased. MARJORIE MULLEN, as Successor Executor of ELIZA-

BETH MULLEN, Deceased, Appellant-Respondent, v GERALD LIN-
NANE, Respondent-Appellant. MARJORIE MULLEN, as Successor
Executor of ELIZABETH MULLEN, Deceased, Respondent, v GER-
ALD LINNANE, Appellant. [702 NYS2d 35] —Order, Surrogate's
Court, New York County (Eve Preminger, S.), entered Novem-
ber 27, 1998, which denied respondent Gerald Linnane's mo-
tion to strike as untimely petitioner's proposed decree, and
decree, same court and Surrogate, entered November 27, 1998,
which directed respondent to pay petitioner the sum of
$51,729.70 plus interest, unanimously affirmed, without costs.
Petitioner's appeal from order, same court and Surrogate,
entered on or about April 17, 1997, and respondent's appeal
from the purported order, same court and Surrogate, dated
January 8, 1998, unanimously dismissed, without costs.

The facts underlying this turnover proceeding were described
in our prior decision *Matter of Mullen v Linnane* (218 AD2d
50), in which we found that the joint accounts in question were
true joint accounts and, by reason of that finding, vacated the
Surrogate's decree finding to the contrary and remanded for a
determination of the parties' respective interests in the ac-
counts. In our prior decision, we noted that a joint tenant
obtains an immediate right, upon creation of a joint account, to
withdraw her moiety of the account. Upon withdrawal of an
excess over moiety, the withdrawing joint tenant becomes
subject to suit for the excess and, as a result, the joint tenancy
is terminated (*supra*, at 55; *see also, Matter of Kleinberg v
Heller*, 38 NY2d 836, 841-842). Implicit in our determination
that Kathleen Linnane's actions with regard to the accounts
were proper (*Matter of Mullen v Linnane*, 218 AD2d, *supra*, at
55-56, 59), and in our remand for a determination of the
parties' respective rights, was the conclusion that she was
entitled to withdraw her moiety and that the right of survivor-
ship in the joint accounts was extinguished.

Contrary to petitioner's argument, *Marrow v Moskowitz* (255
NY 219) does not compel a different result. *Marrow* does not
hold that the withdrawing joint owner forfeits her half-share of
the accounts at issue, but stands for the proposition that
"where a joint tenant withdraws more than his or her moiety
* * * there is an absolute right in the other tenant, during the
lifetime of both, to recover such excess" (*Matter of Kleinberg v
Heller*, 38 NY2d 836, 842, *supra,* citing *Marrow v Moskowitz*,
255 NY 219, *supra*). Furthermore, as noted in this Court's
prior decision, withdrawal of more than a half-interest in a
joint account "results in the extinguishment of the right of
survivorship to the other half-interest of the other joint tenant"

(218 AD2d, *supra*, at 55, citing *Matter of Kleinberg v Heller*, *supra*).

Contrary to petitioner's contention, this Court's direction that the Surrogate consider all of the accounts held in the joint names of decedent and Kathleen Linnane, instead of the five accounts that were initially the subject of the instant turnover proceeding, did not exceed the scope of the Surrogate's authority under SCPA 2103. Since decedent withdrew more than her moiety in three of eight joint accounts, any claims by decedent against Kathleen with respect to the other five accounts must be set off by her excess withdrawals to result in an equitable disposition.

The Surrogate properly determined that Kathleen Linnane had a vested interest in one-half of an eighth account that was not collected by either party during their lifetime, since the record reveals that the decedent, acting through her attorney in fact, frustrated Linnane's efforts to collect. The Surrogate's determination that neither party consented to the excess withdrawals by the other is supported by the record. Moreover, the burden was properly placed on the party seeking to establish consent to excess withdrawals (*Matter of Kleinberg v Heller*, *supra*, 38 NY2d, at 843-844; *cf.*, *Matter of Kessler*, 55 Misc 2d 17, *affd* 35 AD2d 710, *affd* 30 NY2d 821). The allocation of interest and costs was proper.

The Surrogate's determination denying respondent's motion to strike petitioner's proposed decree as untimely was an appropriate exercise of discretion (*see*, 22 NYCRR 207.37 [b]; *Linroc Enters. v 1359 Broadway Assocs.*, 184 AD2d 309). Concur—Sullivan, J. P., Tom, Mazzarelli, Saxe and Friedman, JJ.