In the Matter of the Estate of MARY PORIANDA, Deceased. CHARLES M. MILLER, as Administrator, Appellant; ANNIE WRONA, Respondent.

(Submitted May 15, 1931; decided June 2, 1931.)

424

*Abraham Benedict* and *David Gorfinkel* for appellant. There is no evidence to sustain the Surrogate's implied finding that the decedent intended to or did create a joint tenancy of her savings bank deposit. (*Moskowitz* v. *Marrow*, 251 N. Y. 380; *Marrow* v. *Moskowitz*, 255 N. Y. 219; *Scanlan* v. *Meehan*, 216 App. Div. 591; *Brumer* v. *Brumer*, 223 App. Div. 186; *Newhouse* v. *Harrinck*, 227 App. Div. 392; *Matter of Wilkins*, 131 Misc. Rep. 188; *Van Alen* v. *American Nat. Bank*, 52 N. Y. 1; *Roca* v. *Byrne*, 145 N. Y. 182.)

*William R. Hogan, Charles J. Wallace* and *John A. Wallace* for respondent. The finding that the deceased created a joint tenancy with the respondent was correct. (*Heiner* v. *Greenwich Savings Bank*, 118 Misc. Rep. 326; *Moskowitz* v. *Marrow*, 251 N. Y. 380.) The court erred in admitting any testimony in regard to the $3,000 withdrawal. (*Marrow* v. *Moskowitz*, 255 N. Y. 219.)

KELLOGG, J. Mary Porianda was the owner of a deposit of $5,113.35, credited to her individual account in the Yonkers Savings Bank. On the 24th day of October, 1928, she sent a letter to the bank, requesting it to add the name of her sister, Annie Wrona, to the account, "making it a joint account during life; either one to have full power to deposit therein or draw therefrom, and the balance payable to the survivor, in case of death." In accordance with her request, the account was credited to Mary Porianda or Annie Wrona, "Joint

account, either survivor to take all." On January 7th, 1929, during the lifetime of Mary Porianda, Annie Wrona withdrew $3,000 from the joint account and deposited the same in the Yonkers National Bank to the credit of five accounts, one in her own name, two in the name of her son John, and two in the name of her son Mike. Mary Porianda afterwards died and the administrator of her estate, in discovery proceedings, now seeks to recover possession of the sums withdrawn. The Surrogate has held that the form of the deposit conclusively determined that there was a joint tenancy created; that, after the death of Mary Porianda, the withdrawn moneys became the absolute property of Annie Wrona, the survivor; that the proceedings should be dismissed. He was of the opinion that the evidence given, in support of the contention that no joint tenancy was intended by the depositor, was wholly immaterial, citing *Moskowitz* v. *Marrow* (251 N Y. 380).

We stated in the case cited that section 249 of the Banking Law (Cons. Laws, ch. 2) sets up two presumptions. The first, reversing the common-law rule, requires a holding, in the absence of other proof, that a deposit made in the names of the depositor and another person " in form to be paid to either or the survivor of them " becomes " the property of such persons as joint tenants." This presumption is not conclusive and may be overcome by proof that the depositor, when making the deposit, had no intention to create a joint tenancy. The second presumption, that title passes to the survivor, where applicable, is irrefutable by proof, and, therefore, a rule of substantive law. The form of the deposit is " conclusive evidence," in any action or proceeding to which either the " savings bank or the surviving depositor is a party," of the " intention of both depositors to vest title to such deposit and the additions thereto in such survivor." To be applicable, however, there must have been survivorship; and, even then, its application is limited to

the moneys still on deposit in the savings bank, credited to the depositors under the original formula " payable to either or the survivor." This presumption does not apply " in respect of any moneys withdrawn by either during life " (*Moskowitz* v. *Marrow, supra,* at p. 397); it applies only " in favor of the survivor in respect of any moneys then left in the account." (*Marrow* v. *Moskowitz,* 255 N. Y. 219, 221.) The withdrawal of moneys from the joint account does not destroy the joint tenancy, if one was created; it merely opens the door to competent evidence, if available, that no joint tenancy was originally intended or created. (Id.)

Annie Wrona herself testified that her sister, the original depositor, Mary Porianda, became ill in June, 1928; that she told an official of the savings bank that she wanted the change in the deposit made; that she said, " I can't go to the bank and take money and my sister she go same like me, that right; " that her sister requested her to withdraw the $3,000 and deposit it in the Yonkers National Bank, in the manner employed. The record discloses the following answers made by Annie Wrona to the following questions: " Q. Whose money was it you put in Yonkers National Bank, $3,000, whose money was it? A. My sister before. Q. Your sister's money? A. Yes, before. Q. When your sister told you to put the $3,000 in bank? A. Yes, she told me that. Q. Did you understand that was to be her money? A. Yes. She understand it is her money. Q. You understood it was her money? A. Sure. She trust me everything like herself." This proof, unlike that offered from the witness Kushwaia, concerning self-serving declarations of Mary Porianda made after the establishment of the deposit, which the Surrogate correctly declined to receive (*Marrow* v. *Moskowitz, supra*), directly bore upon the original intention of Mary Porianda in making the deposit, and tended to prove that a joint tenancy was not created, or intended to be. This proof should have

been considered by the Surrogate and a decision made upon the issue of fact to which it gave rise.

The order should be reversed and a new hearing ordered, with costs to abide the event.

CARDOZO, Ch. J., POUND, CRANE, LEHMAN, O'BRIEN and HUBBS, JJ., concur.

Ordered accordingly.