In the Matter of the Estate of EMMA L. B. HILL, Deceased.

Surrogate's Court, Kings County, November 28, 1932.

*Carter, Ledyard & Milburn* [*John R. Bartels* of counsel], for the petitioner.

*George Tiffany*, for Augusta MacCabe, respondent.

WINGATE, S. Any attempt by this or any other court to elaborate upon the crystal clarity of the pronouncements of the Court of Appeals respecting the proper interpretation of section 249 of the Banking Law would be a labor of supererogation savoring of the act envisaged in the familiar aphorism respecting the gilding of the lily. Subdivision 3 of this enactment, as far as here pertinent, reads: " When a deposit shall be made by any person in the names of such depositor and another person and in form to be paid to either or the survivor of them, such deposit and any additions thereto made by either of such persons after the making thereof, shall become the property of such persons as joint tenants, and the same together with all dividends thereon shall be held for the exclusive use of such 'persons and may be paid to either during the lifetime of both or to the survivor after the death of one of them, * * *. The making of the deposit in such form shall, in the absence of fraud or undue influence, be conclusive evidence, in any action or proceeding to which * * * the surviving

depositor is a party, of the intention of both depositors to vest title to such deposit and the additions thereto in such survivor."

The growth of the law on the subject, and the successive legislative steps in the alteration of the common law, have been so clearly detailed in the learned opinion of Judge KELLOGG in *Moskowitz* v. *Marrow* (251 N. Y. 380, at pp. 386 *et seq.*) that the intent which actuated the enactment of section 249 is incapable of mistake.

The problems regarding the respective rights of the tenants of such a bank account fall naturally into two classes: *First,* those concerned with the effect of the opening of such an account upon the rights of the parties during the continuance of the lives of both to the funds therein; and, *second,* those involving the rights of the survivor after the death of the other.

The legal principles governing both rights are clearly stated in the opinion of Chief Judge CARDOZO in the same case, in which opinion the other members of the court concurred.

On the first question, he writes as follows (at p. 396): " The statute, as I view it, does not mean that between the persons named as depositors a joint tenancy ensues at once and automatically, as an irrebuttable presumption, with the result that neither will be permitted even during the joint lives to prove against the other that the deposit was made with a contrary intention * * *. For the depositors themselves, the form is not conclusive in any contest during their joint lives as to the title of the moneys, nor conclusive after the death of either as to moneys then withdrawn."

On the second point, he says (at p. 397): " The plain implication is that as between the depositors themselves, the form of deposit gives rise to a presumption and nothing more, but that after the death of either leaving a deposit then subsisting, the presumption becomes conclusive as to the title of the survivor."

Again (at p. 399): " The presumption is no longer subject to be rebutted — the form, in the words of the statute, becomes ' conclusive evidence ' of the intention — when one of the depositors dies with the deposit still intact."

This opinion might well close with a final quotation from page 400 of the same lucid statement of controlling principles: " The controversy at hand, however, is one where the depositor opening the account has died, with the account in the joint names still open and intact, and the only question to be determined is the title of the survivor. In such a case the statute says that the form shall be conclusive, and not merely presumptive, evidence of the intention of each that the survivor is to have the whole. * * *

As to what the true agreement was, the door to controversy was open during the joint lives of the depositors. It was closed upon the death of either."

In the case at bar the account was opened on October 5, 1931, in the title " Emma L. B. Hill or Augusta MacCabe Jointly binding if paid to either or survivor." It so remained until the death of Mrs. Hill on March 30, 1932.

Whereas certain evidence was introduced on the hearing respecting impairment of Mrs. Hill's faculties at the time the account was opened, from which an inference might possibly be drawn that she was not fully aware of the nature of the transaction into which she was entering, there is absolutely no allegation or showing that any fraud or undue influence was practiced upon her. Furthermore, it appears that she was mentally alert and took an active and intelligent interest in her financial affairs substantially up to the time of her death. The bank book seems to have been in her possession almost continuously from the moment the account was opened, so that a strong resulting inference arises both from the title of the account and from the bank regulation respecting joint accounts printed on the second page, that she was aware of the situation and its legal results.

No question is presented to the court respecting withdrawals by the decedent from the joint account, and the sole controversy relates to the survivorship rights of Mrs. MacCabe to the balance left on Mrs. Hill's death. On this subject the introduction of evidence respecting her intentions in opening the account is wholly immaterial under the decisions of the Court of Appeals. In the absence of fraud or undue influence, which are not here asserted, the statute drops the curtain on all acts, other than the actual opening of the account, which occurred prior to her death, and the unanimous judgment of the final judicial authority of the State inhibits its being raised. The authorities cited by the petitioner in so far as not anachronistic or distinguished in the opinions in the *Moskowitz* case, are judgments of inferior tribunals. If any of their determinations are necessarily in conflict with the principles hereinbefore noted, they must be deemed to have been overruled by controlling authority.

" The second presumption, that title passes to the survivor * * * is irrefutable by proof, and, therefore, a rule of substantive law." (*Matter of Porianda*, 256 N. Y. 423, 425.)

The balance in the account in the Dime Savings Bank of Brooklyn at Mrs. Hill's death passed to Mrs. MacCabe as her sole property, and the present application for its payment to decedent's estate cannot be granted.

Proceed accordingly.