In the Matter of the Estate of MARGARET LEAKES, Deceased.

Surrogate's Court, Bronx County, June 9, 1937.

*Albert A. Beregh* [*James A. Carney* of counsel], for Ruth Farrell, as administratrix, etc.

*Resnick & Resnick* [*Robert Williamson* of counsel], for the contestant.

*C. Arthur Arnstein*, special guardian.

HENDERSON, S.   The objectant seeks to surcharge the administratrix with the amount of two savings bank accounts.   About one month before her death the decedent transferred two of her individual savings bank accounts, naming the administratrix and herself with payment to be made to either or their survivor. One day before the decedent's death the administratrix withdrew all the funds from both accounts and has appropriated them to her own use.

The presumption arising from the form of the accounts that they were joint tenancies became conclusive upon the decedent's death only as to any balance then remaining.   (*Moskowitz* v. *Marrow*, 251 N. Y. 380, 396.)   When the decedent died there was no balance in either account.

With respect, however, to the moneys withdrawn during the decedent's lifetime, such presumption may be rebutted.   (*Matter of Porianda*, 256 N. Y. 423, 426; *Marrow v. Moskowitz*, 255 id. 219.)   In the latter case, where the original depositor of a similar account withdrew the entire deposit before her death, a judgment

for the survivor was affirmed on the ground that no competent evidence was offered to overcome the presumption. Chief Judge CARDOZO there said: " The withdrawal did not destroy the joint tenancy or the title of the survivor, if a joint tenancy had been created. It did, however, open the door to competent evidence, if any was available, that the tenancy created at the opening of the account was in truth something different from the tenancy defined by the presumption. It had no other force."

Here, also, there is no evidence before the court upon which to base a finding that the decedent's intention, when the accounts were opened, was other than that indicated by their form.

I find that both bank accounts were joint tenancies.

The joint ownership of the entire deposit in each account would have been destroyed to the extent of the withdrawals if the administratrix had withdrawn no more than half of each during the decedent's lifetime. (*Matter of Suter*, 258 N. Y. 104.) There the depositor made withdrawals aggregating less than half the deposit. Upon her death the survivor obtained the balance on deposit and filed a claim for the amounts withdrawn. In affirming the dismissal of such claim, Judge POUND said: " Although if the entire account had been withdrawn the result might have been otherwise."

Upon the authority of the above-cited cases, I hold that the withdrawals of the entire deposits did not destroy the joint tenancies and the survivor is entitled to the amounts withdrawn.

I find that the proceeds of the two joint bank accounts are the property of the administratrix personally.

Objection is made to an item of $911 charged to the distributive share of Mollie Sterling on the ground that $500 of that sum is improperly charged because she did not receive it. I am satisfied, from the evidence, that she did. That and all the other objections are dismissed.

No reference was made to the amount received by the administratrix from the bank accounts discussed above in the estate tax schedules. The decree will not direct the payment of the balance of the accountant's distributive share and commissions until the tax has been fixed and paid.

Proceed accordingly and settle decree.