In the Matter of the Estate of ALWIN JUEDEL, Deceased. JOHN HEITMAN, as Executor of ALWIN JUEDEL, Deceased, Appellant; DORIS HARMON et al., Respondents.

Argued January 5, 1939; decided February 28, 1939.

*Abraham Lillienthal* and *Leon Finkelstein* for appellant. The withdrawal by the respondent Doris Harmon of the greater part of the fund in the joint account during the lifetime of the deceased destroyed the joint tenancy as to the money withdrawn. It left only a rebuttal presumption of an interest in the money so withdrawn and there was evidence sufficient to rebut the presumption. (*Moskowitz v. Marrow*, 251 N. Y. 380; *Marrow v. Moskowitz*, 255 N. Y. 219; *Matter of Porianda*, 256 N. Y. 423; *Matter of Newcomb*, 192 N. Y. 238; *Fallon v. Swackhamer*, 226 N. Y. 444; *McKeon v. Van Slyck*, 223 N. Y. 392.) The respondents are estopped by their conduct from claiming the benefit of the presumption — the rule of presumption should not be permitted to perpetrate a fraud. (*Matter of McKelway*, 221 N. Y. 15; *Thompson v. Simpson*, 128 N. Y. 271; *Dulberg v. Equitable Life Assur. Soc.*, 277 N. Y. 17; *First Nat. Bank v. Lafayette Trust Co.*, 85 Misc. Rep. 341; 167 App. Div. 940; 216 N. Y. 691.)

*Arthur Hutter* and *George Weiss* for respondents. The making of the joint tenant deposit is conclusive evidence, in this proceeding, of the intention of both to vest title in the survivor, as to the balance after death. As to the amounts withdrawn, the presumption may be overcome by competent evidence that the deceased's intention, at the time of opening the account, was not to vest title in his daughter. (Cons. Laws, ch. 2, § 239, subd. 3; *Marrow v. Moskowitz*, 255 N. Y. 219; *Matter of Porianda*, 256

N. Y. 423; *Matter of Levinsky*, 145 Misc. Rep. 318; *Matter of Massey*, 143 Misc. Rep. 794; *Matter of Buckler*, 227 App. Div. 146; *Matter of Curran*, 153 Misc. Rep. 630.) Appellant's proof does not establish that the tenancy created at the opening of the account was in truth something different from the tenancy defined by the statute. (*Matter of Brogan*, 165 Misc. Rep. 111; *Kelly* v. *Beers*, 194 N. Y. 49.)

LOUGHRAN, J. Prior to February 3, 1937, Alwin Juedel had on deposit with the Lincoln Savings Bank of Brooklyn, $5,278.52 in an account standing in his own name. On that date the deposit was transferred by the bank to a new account in the name of Mr. Juedel and his daughter, Doris Harmon, " for either or survivor."

Mr. Juedel died December 25, 1937. This proceeding was brought by his executor to compel discovery of $5,000 which in the preceding April had been withdrawn from the joint account by Doris Harmon. (See Surr. Ct. Act, §§ 205, 206.) George I. Harmon, the husband of Doris, was made a respondent with her, she having redeposited $2,500 of that sum in her name as trustee for him.

Subdivision 3 of section 239 of the Banking Law (Cons. Laws, ch. 2) was invoked by the respondents. It is thereby provided: " When a deposit shall be made by any person in the names of such depositor and another person and in form to be paid to either or the survivor of them, such deposit and any additions thereto made by either of such persons after the making thereof shall become the property of such persons as joint tenants, and, together with all dividends credited thereon shall be held for the exclusive use of such persons and may be paid to either during the lifetime of both or to the survivor after the death of one of them, * * * The making of the deposit in such form shall, in the absence of fraud or undue influence, be conclusive evidence, in any action or proceeding to which either the savings bank or the surviving depositor is a party, of the intention of both depositors to vest title to such deposit and the additions thereto in such survivor."

These provisions are part of article VI of the statute which relates to savings banks. (Cf. § 134, subd. 3.) The effect thereof is to affix to a savings bank account, when opened in the form so prescribed, a presumption that the interest of the depositors is that of joint tenants. " Upon the death of one of the depositors, this presumption becomes conclusive in favor of the survivor in respect of any moneys then left in the account. It continues to be a mere presumption in respect of any moneys previously withdrawn." (*Marrow* v. *Moskowitz*, 255 N. Y. 219, 221.) The $5,000 fund drawn out by Doris Harmon was thus in the first place to be taken to be her own, in virtue of her presupposed status as surviving joint tenant. The executor, however, had the right to come forward with proof sufficient to overcome this statutory initial imputation of title against him. As to these moneys that had been withdrawn in the testator's lifetime, the statute still left room for competent evidence " that the tenancy created at the opening of the account was in truth something different from the tenancy defined by the presumption." (*Marrow* v. *Moskowitz*, *supra*, p. 222.)

In their answer to the executor's petition, the respondents asserted ownership of the entire deposit " by reason of the fact that on or about February 3rd, 1937, the deceased, Alwin Juedel, opened a joint account in his own name and the name of the respondent Doris Harmon in the Lincoln Savings Bank;" and Doris Harmon thereby alleged " that the account was opened for the purpose of making a gift to her in the sum of $5,278.52." The executor introduced evidence that when the testator's will was read to his four children, Doris Harmon said: " Well, there is another account in the Lincoln Savings Bank for $5,300, $5,000 of which is a gift from father to George and I. It was put in a joint account in February. He put it in our names and he said that if anything happened he wanted me and George to have the money, so when I heard he was going to die, I opened a joint account in George's name and mine." No evidence was offered by the respondents.

They were directed by the Surrogate to pay over to the executor the original amount of the joint account. His decree recites the absence of proof of any gift to Doris Harmon and his conclusion that the testator never intended to create a joint account between himself and her. On appeal by the respondents, the Appellate Division reversed the Surrogate on the law and dismissed this proceeding on the ground that nothing in the record justified an inference that the joint account was not what in fact it purported to be. The controversy is now before us on appeal by the executor.

No attempt is made to sustain the Surrogate's award to the estate of the moneys that were left in the account at the testator's death. Concededly the statutory presumption that Doris Harmon was a joint tenant with the testator then became conclusive in her favor in respect of the balance undrawn, with the result that she was at all events entitled thereto as survivor.

As to the $5,000 withdrawal: In its memorandum the Appellate Division said there was no proof at all respecting the manner in which the joint account was opened. This is not the case. The record contains as an exhibit the written direction of the testator to the bank to transfer the balance in his individual account to a new account and to "insert the name of Doris Harmon, my daughter so that said account is made payable to either of us or to the survivor." This evidently conscious acquiescence of the testator in the statutory form of the new account was a substantial fact on the side of a survivorship title of Doris Harmon as joint tenant of the moneys she had taken to herself. But on the other side were the statements and conduct of the party respondent Doris Harmon, to which we have referred. We cannot say that the Surrogate was not warranted in treating these items of evidence as admissions by her that neither she nor the testator ever intended that the opening of the account on the statutory pattern was then and there and without more to endow her with a vested property interest in the deposited moneys as against

him. (*Matter of Porianda*, 256 N. Y. 423.) In respect of the sum withdrawn, the statutory presumption to the contrary was after all a rebuttable implication merely, that is to say, an implication which imputed to the form of the deposit no more than the *prima facie* consequence of title in Doris Harmon as survivor. (*Moskowitz* v. *Marrow*, 251 N. Y. 380.) This presumption was removed from the case when the Surrogate found upon sufficient evidence that the relationship professed by the joint account was not in reality the tenancy of which the statute speaks. We cannot agree with the Appellate Division that the record dictates the opposite conclusion as matter of law.

Except for the inclusion of the amount remaining in the account when the testator died, the Surrogate's direction for payment over by the respondents to the executor was validly made.

The order of the Appellate Division should be reversed, and the decree of the Surrogate's Court modified in accordance with this opinion, and as so modified affirmed, with costs in all courts to all parties appearing separately payable out of the estate.

CRANE, Ch. J., O'BRIEN, HUBBS, FINCH and RIPPEY, JJ., concur; LEHMAN, J., taking no part.

Ordered accordingly.