In the Matter of the Estate of HENRY FISCHER, Deceased. ARTHUR H. FISCHER, as Executor of HENRY FISCHER, Deceased, Petitioner; ALVIN H. MAU, Respondent.

Surrogate's Court, Erie County, October 27, 1944.

*Clark B. Bassett* for petitioner.

*Milton Kaeselau* for respondent.

VANDERMEULEN, S. This is a proceeding involving the ownership of a bank account reading: " Henry Fischer and Alvin H. Mau, Joint Account, with right of survivorship, payable either to depositor or survivor ", on deposit with the Manufacturers and Traders Trust Company, East Delavan Branch. The amount is $670.

On July 2, 1943, or immediately prior thereto, Mrs. Fischer, wife of the executor, telephoned Mr. Mau at the request of the decedent, asking him to come to his home at 262 Dewey Avenue, Buffalo, for the purpose of going with the decedent to the bank. Mr. Mau came. He and the decedent then went together to the bank and opened a joint account. All of the money belonged to the deceased. Nothing was contributed by Mr. Mau.

Mr. Zimmerman, the manager of the bank, who supervised the opening of the account, went no further than to say that he explained to the decedent and Mau the meaning of a joint account with right of survivorship, asked them to read the back of the ledger card before signing it, and that they signed it. He received the information that it was to be a joint account

from Mau, whom he had known for some time and who was a depositor in his bank. Mr. Zimmerman later testified that he would not say that he told decedent that the money was to go to Mau if decedent died first and it was Mau's testimony that there was no discussion with decedent as to what would be done with the money if decedent died.

The executor claims the bank account is an asset of the estate and Mr. Mau asserts it belongs to him by right of survivorship.

The presumption arising from survivorship in this matter is not conclusive but rebuttable. One of the outstanding cases bearing on the issue involved is *Matter of Hickmott* (166 Misc. 536, affd. 256 App. Div. 1047). The question is largely one of intention. There are a number of parallel features in the *Hickmott* case and the instant case, which the court in the first-mentioned case considered significant in determining the intention of the parties. These facts are:

(1) All the money belonged to the decedent. No money was contributed to the deposit by the other joint depositor.

(2) There was no blood kinship between the two depositors. In the *Hickmott* case, the relationship was employer and employee. In the present case, decedent's wife and Mau's mother were cousins.

(3) No particular affection or cordial relationship existed between the two depositors. In the *Hickmott* case the parties were purely businesslike in their relationship. In the present case, Mau had not called on decedent for a long time except once to get some tools.

(4) No consideration for the bank deposit was proven.

It is somewhat significant that the deceased had deposited his money with several persons and it was only after the deceased's brother had delayed in taking deceased's money to the bank that decedent turned to Mau for this purpose. But most significant is the fact that when the executor demanded the bank book from Mau and again in the talk with the attorney for the estate, Mau said he had no interest in the bank deposit or the bank book. He testified that he meant by this that his intention was not to use the money for himself. However, his testimony clearly showed that it was not his intention to claim any property interest in the deposit. His testimony when asked what he said about the deposit to the attorney for the estate is as follows: " I don't remember the exact words, but I would say ", etc. Again on the same page in response to further questions, he testified: " Q. * *· *· In response to some

question that I put to you, did you say in words or substance that you had no interest in this money but wanted to see your attorney before you turned the book over, did you say that to me? * * * A. I had no interest in it. Q. You said that to me? A. Yes. Q. And that you wanted to see your attorney before you turned over the book? A. That is true. I didn't know.''

In *Matter of Juedel* (280 N. Y. 37), in which was involved a joint bank account, the court took cognizance of the statements and conduct of the survivor after the death of the other party and stated in substance that the Surrogate was warranted in indicating these items of evidence as admission.

When the question of intention is involved, the attitude and intention of the party claiming the fund as survivor after the death of the deceased casts some light upon the intention of the parties prior to the death of the deceased. Here we have a statement made repeatedly by the claimant to the effect that he had no interest in the fund.

It has been held that '' One who asserts that another has given him a joint interest in funds is asserting a gift and takes the burden of establishing the gift by clear and convincing evidence.'' (*Matter of McCarthy*, 164 Misc. 719, 724.)

In *Matter of Simpson* (175 Misc. 718) the learned Surrogate in discussing presumptions, quoted from *Mockowik* v. *Kansas City, St. Joseph and Council Bluffs Railroad Company* (196 Mo. 550, 571) the following: '' Presumptions may be looked upon ' as the bats of the law, flitting in the twilight but disappearing in the sunshine of actual facts.' ''

I therefore hold that the presumption has been overcome and that the bank account involved herein belongs to the estate of the decedent.

Submit decree directing payment to the executor of the estate herein.