Charles A. Loreto, J.
In this action to impress a trust upon funds withdrawn from two joint savings accounts standing in the name of the plaintiff and his deceased wife, payable to either or the survivor of either of them, and from funds realized from the cashing of United States Savings Bonds payable to the same parties, plaintiff moves for summary judgment.
Plaintiff alleges in the first cause of action of his complaint that the defendants, without his consent and knowledge, induced plaintiff’s deceased wife to withdraw the sum of $15,000 from a savings bank and caused the funds to be deposited in the same bank in a joint account of her sister, the defendant Anna Landis, and her brother, the defendant William Landis; that thereafter most of the funds were withdrawn from their joint account and deposited in a safe-deposit box standing in the name of the defendant Bertha Landis, the "wife of William Landis. The second and third causes are pleaded the same as the first cause except that the second cause is directed against defendants to impress a trust on a savings account in a commercial bank and the third cause to impress a trust on the G-overnment bonds. The answers of the defendants generally deny the material allegations of the complaint.
*88 It is to be noted that the withdrawals of the funds in both savings accounts and the cashing-of the bonds occurred prior to the death of plaintiff’s wife.
In an unbroken line of decisions the Court of Appeals has stated that subdivision 3 of section 249 of the Banking Law sets up two presumptions, the first that a deposit made in the name of the depositor and another person, in form to be paid to either or the survivor of them, becomes the property of such persons as joint tenants. The presumption is not conclusive and may be overcome by proof that the depositor, when making the deposit, had no intention to create a joint tenancy. The second presumption, that title passes to the survivor, is irrefutable by proof, and in the absence of fraud or undue influence, the making of the deposit in such form shall be conclusive evidence in any action or proceeding to which the surviving depositor is a party (Walsh v. Keenan, 293 N. Y. 573, 578-580; Inda v. Inda, 288 N. Y. 315; Matter of Juedel, 280 N. Y. 37, 41; Matter of Fenelon, 262 N. Y. 308; Matter of Porianda, 256 N. Y. 423; Moskowitz v. Marrow, 251 N. Y. 380). The second presumption, however, does not apply ‘ ‘ in respect of any moneys withdrawn by either during life ”. The withdrawal of moneys from the joint account, in such circumstances, does not destroy the joint tenancy. It merely opens the door to competent evidence, if available, that no joint tenancy was originally intended or created (Marrow v. Moskowitz, 255 N. Y. 219, 221).
On the papers submitted on this motion by defendants there is no competent evidence produced that the joint tenancy created at the opening of the savings bank account was in truth something different from the joint tenancy defined by the presumption. Affidavits submitted by the defendants are barren of any admissible evidentiary matter and are filled with statements allegedly made by the decedent to defendants and others in the absence of the plaintiff after the joint account had been established. Such hearsay declarations may not be used “ to divest a title or to shatter a presumption that a title was intended” (Moskowitz v. Marrow, 255 N. Y. 219, 222, supra).
It has been held in Matter of Suter (258 N. Y. 104, 106) that: 11 The incident of the right of survivorship is a characteristic of joint tenancy but a joint tenancy may be terminated or severed before such right accrues by the act of either joint tenant. A joint tenant, as an incident to his tenure, may always terminate the joint tenancy by transfer or conveyance of his interest. (Attorney General v. Clark, 222 Mass. 291.) Decedent and claimant each had the right as a joint owner of the bank deposit to withdraw a moiety or less than a moiety for her own use and *89 thus destroy the joint tenancy as to such withdrawals. Joint ownership of a bank deposit does not differ from any other joint ownership. Nothing in the Banking Law prevents one joint owner from destroying the joint ownership in the entire deposit to the extent of his withdrawals of no more than his equal share for his own use, although if the entire account had been withdrawn the result might have been otherwise. ’ ’ (Citing cases.)
' The defendants have offered no proof to establish or to indicate that the bank account was intended to be established as something other than a joint tenancy. If any evidence to such effect is available, they are required to submit their proofs at this time; they may not blithely state that they want a trial when they hope to find and present their proof. The purpose of the summary judgment rule and practice would be nullified if such palpably dilatory tactics were countenanced (Kramer v. Harris, 9 A D 2d 282; Di Sabato v. Soffes, 9 A D 2d 297, 301).
Therefore, the court finds with respect to the funds in the savings bank account that to the extent the decedent withdrew therefrom more than a moiety exceeding her interest, the plaintiff is entitled to recover. It is clear that $15,000 of the $16,348.89 in that savings bank account passed into the hands of the defendants. On the proof before the court plaintiff is entitled to summary judgment to one half of $16,348.89, together with interest.
Plaintiff has supported his claim for summary judgment on the first cause by documentary proof and evidentiary facts sufficiently to entitle him to such relief. However, no documentary proof or other evidentiary facts support the allegations of the second and third causes. Indeed, defendants deny that they ever received the funds in the savings account (the subject of the second cause) or the funds realized from the cashing of the savings bonds (the subject of the third cause). The failure of proof by the plaintiff and the denials of the defendants are sufficient to defeat plaintiff’s claim for summary judgment on these causes.
Accordingly, plaintiff’s motion for summary judgment is granted on the first cause to the extent herein indicated and denied as to the second and third causes. The first cause of action is severed from the remaining causes. Settle order.