■ ELIZABETH GAFFNEY, Appellant, v. THOMAS H. GAFFNEY, Respondent. (Action No. 1.) ELIZABETH GAFFNEY, Appellant, v. THOMAS H. GAFFNEY, Respondent. (Action No. 2.) — In a consolidated action for a separation (Action No. 1) and for a judgment declaring the rights of the parties (Action No. 2) to certain money (1st cause of action) and to certain shares of stock (2d cause of action), a counterclaim was interposed for an accounting and for other relief with respect to the shares of stock. The appeal is (1) from an order denying a motion for temporary alimony and a counsel fee, and (2) from so much of a judgment, entered after trial, as (a) awards only $110 a week for appellant's support, $25 a week for the support of the child of the parties, and $1,000 for a counsel fee, (b) awards such support commencing February 5, 1958, (c) dismisses the complaint in Action No. 2, and (d) adjudges respondent to be the sole owner of the shares of stock. Judgment modified upon the law and the facts (1) by increasing the counsel fee from $1,000 to $1,500, (2) by striking therefrom the fifth, sixth and seventh decretal paragraphs and by substituting therefor a provision to the effect that the first cause of action and the counterclaim interposed in Action No. 2 be dismissed, and a further provision to the effect that it be declared on the second cause of action in Action No. 2 that the parties jointly own all of the shares of stock. As so modified, judgment, insofar as appealed from, and order unanimously affirmed, with one bill of costs to appellant. Findings of fact insofar as they may be inconsistent herewith are reversed, and new findings will be made as indicated herein. There is no controversy as to the disposition by appellant of the balance of a joint savings account into which she had deposited approximately $5,000 received from respondent as a settlement in anticipation of a foreign divorce, nor of the withdrawals by appellant from other accounts in a total amount equivalent to or in excess of the withdrawals by respondent totaling $4,000. An academic

declaration will not be rendered (*Standardbred Owners Assn.* v. *Yonkers Race-way*, 1 A D 2d 882). The stock was purchased, at least in part, by withdrawals from savings accounts in the joint names of the parties. There is no proof rebutting the presumption of joint ownership of these accounts (*Marrow* v. *Moskowitz*, 255 N. Y. 219; *Matter of Porianda*, 256 N. Y. 423; *Matter of Juedel*, 280 N. Y. 37). The money used to purchase the stock, therefore, belonged to both parties. There is no proof which would warrant a conclusion other than that the issuance of the stock in the joint names of the parties was in accordance with their intention. The services rendered by the attorney for appellant warranted a fee of $1,500. Present — Beldock, Acting P. J., Ughetta, Christ, Pette and Brennan, JJ. Settle order on notice.