Joseph A. Cox, S.
Certain distributees of this intestate have interposed objections to the account of the administratrix upon the ground that she has failed to account for a sum on deposit in a savings bank in her individual name. The conceded facts are that following the marriage of the intestate and the administratrix a savings bank account was opened in their joint names with right of survivorship; the account was in the form described by subdivision 3 of section 239 of the Banking Law; the money so deposited was provided by the intestate; some four years later the intestate was hospitalized; shortly after his admission to the hospital his wife withdrew the entire amount on deposit and transferred the fund to an account in her own name in another bank and, about four months thereafter, the intestate was judicially determined to be incompetent. The marriage of the intestate and the administratrix took place in December, 1949, the joint account was opened in February, 1950, the intestate was hospitalized on February 12, 1954, the joint account was closed out on February 24, 1954, the adjudication as to the intestate’s incompetency was made in July, 1954 and he died on May 14, 1955.
Upon the opening of the bank account in joint form a presumption arose that the interest of the depositors was that of joint tenants and, had the account been maintained until the death of one of the depositors, a conclusive presumption then would come into existence as to the survivor’s right to the money in the account. There is not a conclusive presumption as to the ownership of moneys withdrawn from the account during the joint lives of the depositors but, in respect of such
*135 withdrawals, the presumption of joint tenancy continues until rebutted by competent evidence to the effect that a joint tenancy was not the original intention of the depositors (Marrow v. Moskowits, 255 N. Y. 219; Matter of Porianda, 256 N. Y. 423; Matter of Juedel, 280 N. Y. 37; Loeb v. Dry Dock Sav. Bank, 4 A D 2d, 190). The burden was upon the objectants to overcome the rebuttable presumption and this they have not done. The facts that the intestate was hospitalized for a mental illness and ultimately declared incompetent years after the creation of the bank account do not tend to disprove the presumption arising, from the form of the account, that he intended to create a joint tenancy at the time the account was opened. It is the intention existing at the time of the opening of the account that determines the nature of the tenancy created by the deposit. The objections are dismissed (Matter of Witter, 270 App. Div. 447; Matter of Dreschler, 282 App. Div. 4; Matter of Kriss, 118 N. Y. S. 2d 658; Matter of Dubin, 156 N. Y. S. 2d 340). Submit decree on notice.