William B. Groat, J.
In an action to recover the balance on deposit in a joint savings account at the time of the death of William Shapiro, one of two joint tenants, the plaintiff, who is the surviving joint tenant and the brother of the decedent, moves for summary judgment.
*74 The defendants are Gertrude Shapiro, the decedent’s widow, who has possession of the account passbook and the Ridgewood Savings Bank, which is the depository of the account.
The defendant Gertrude Shapiro asserts, by way of two defenses, that on or about May 31, 1960, less than three weeks before the death of the decedent, William Shapiro, he delivered and gave the passbook to her and gave her the money and account represented therein; and that the decedent’s transfer of the funds to the joint account in 1956 was not free and voluntary but was procured by the fraud and undue influence of the plaintiff; that at the time of the transfer the decedent did not understand its nature and extent and that the decedent did not knowingly and consciously transfer the said bank account to vest title in the plaintiff.
The undisputed facts are that on February 10, 1955 the decedent opened a savings account in the defendant bank in his own name in trust for the plaintiff. On January 10, 1956 he closed this account and transferred its entire balance, the sum of $5,314.27, to a joint account in both his name and the name of the plaintiff. The proceeds of this account were to be paid to “ either or survivor.” Thereafter regular deposits were made in this account until October, 1959, at which time the balance on deposit was $12,621.04. In February, 1960, $4,000 was withdrawn. On June 18,1960, the date of the death of the decedent, there was a balance in the account of $8,783.75.
In an unbroken line of decisions the Court of Appeals has uniformly held that the creation of a joint savings account in the form prescribed by statute (Banking Law, § 239, subd. 3) raises two presumptions. (Walsh v. Keenan, 293 N. Y. 573 ; Matter of Juedel, 280 N. Y. 37 ; Matter of Porianda, 256 N. Y. 423 ; Marrow v. Moskowitz, 255 N. Y. 219.) The first is “ ‘ that a deposit made in the names of the depositor and another person “ in form to be paid to either or the survivor of them ” becomes “ the property of such persons as joint tenants ” ’ (Walsh v. Keenan, supra, p. 578.) This presumption has always been held to be rebuttable by competent evidence that the tenancy at creation was something different than that defined by the presumption (Matter of Juedel, supra, p. 40), that the depositor did not intend to create a joint tenancy in the account (Walsh v. Keenan, supra, p. 578), or that the account was created for convenience only (Matter of Porianda, supra). For example, in the comparatively recent case of Matter of Creekmore (1 N Y 2d 284), relied on by defendant Shapiro in her brief, there was substantial evidence that the depositor thought not that she was *75 creating' a joint account but was merely granting a power of attorney for her own convenience. In that case the presumption was rebutted. Moreover, even before this rebuttable presumption comes into play, the court, in Matter of Creekmore (supra) indicated that the surviving joint tenant must establish that the depositor knowingly and consciously created the joint account. (Matter of Creekmore, supra, p. 295.)
When the surviving joint tenant has established that the depositor knowingly and consciously created a joint account, then the presumption referred to above arises, and if no competent evidence is introduced to rebut it, then a holding is required “ that a deposit made in the names of the depositor and another person ‘ in form to be paid to either or the survivor of them ’ becomes 1 the property of such persons as joint tenants.’ ” (Matter of Porianda, supra, p. 425.)
Once it is established that a true joint tenancy has originally been created, then the second presumption arises, viz., that at the death of one of the joint tenants, 11 title passes to the survivor * * ®. ‘ [it] is limited to the moneys still on deposit in the savings bank ’ ”. This presumption is conclusive and 111 is irrefutable by proof, and, therefore, a rule of substantive law.’ ” (Walsh v. Keenan, supra, p. 578.) While it does not apply to any moneys withdrawn by either tenant during life, such withdrawals do not destroy the joint tenancy but merely open the door to competent evidence, if available, that no joint tenancy was originally created. (Matter of Porianda, supra, p. 426.)
In the case at bar, there is no allegation by the defendant, or even an indication that the depositor when he opened the joint account intended to do anything else. The moneys deposited when the joint account was opened had previously been on deposit in a “Totten Trust” for the benefit of the plaintiff. The depositor personally appeared at the bank to create the joint account. This account was in existence for over four years when the depositor, William Shapiro, died. Regular deposits in substantial amounts were made during that entire period of time. There is absolutely no evidence of fraud or undue influence. All that the opposing affidavit of the defendant Gertrude Shapiro sets forth is the following essentially repetitive statement of her second defense: “It is obvious that his condition. Avas such, from the mental, emotional, physical and educational standpoints, that grave questions of fact are raised as to whether the transfer was freely and voluntarily made by him; whether he understood the nature and extent of the transfer; whether he *76 knowingly and consciously transferred the account so as to vest title in plaintiff.” The only evidence offered in support of this statement consists of copies of two hospital records which do not appear to be related in any way to the competency or incompetency of the depositor. This is hardly competent evidence within the meaning of the authorities.
It, therefore, follows that no question of fact concerning the competency of the depositor or the genuineness of his act is here presented (see Matter of Creekmore, supra, p. 291) and that upon the facts and circumstances in this record the plaintiff has established that the depositor, William Shapiro, knowingly and consciously created a true joint savings account. (See Matter of Kurpes, 21 Misc 2d 649, affd. 10 A D 2d 887 ; Matter of Sullivan, 6 A D 2d 970.)
Inasmuch as no evidence has been produced disturbing the rebuttable presumption that the bank account was intended to be a joint account (see Ushinsky v. Landis, 23 Misc 2d 87) and that the moneys deposited therein became the property of the plaintiff and his brother, William Shapiro, as joint tenants, it must be conclusively presumed that title to the moneys that remained on deposit at the death of William Shapiro passed to the plaintiff. (See Matter of Malone, 24 Misc 2d 133.) This result could not be affected by the purported gift to defendant Shapiro of the passbook and the account as alleged in her first defense.
Although prior to William Shapiro’s death either of the joint tenants may have had the right to withdraw “ a moiety or less ” (Matter of Suter, 258 N. Y. 104, 106) or transfer his interest to a third person (Matter of Polizzo, 308 N. Y. 517, 520) and thus change the account to a tenancy in common, that is not the basis upon which defendant relies.
All that she claims is an attempted ex parte gift of the entire joint account. That, however, was not Avithin the power of the decedent, William Shapiro, to do. As the court stated in Moskowitz v. Marrow (251 N. Y. 380, 394): “ ‘ It would be preposterous to claim that an appropriation of personal property by one joint owner to his personal use could divest the interest of the other joint OAvner. ’ ”
Accordingly, plaintiff’s motion for summary judgment is granted for the relief prayed for in his complaint.