**Bienvenida RIOLLANO and Candia Garcia, Plaintiffs,**

v.

**DISTRICT DIRECTOR OF INTERNAL REVENUE, Defendant.**

United States District Court
S. D. New York.
Sept. 8, 1961.

Herman S. Rosen, New York City, for plaintiffs.

Robert M. Morgenthau, U. S. Atty., New York City, Lola S. Lea, Asst. U. S. Atty., New York City, of counsel, for defendant.

METZNER, District Judge.

Plaintiffs bring this motion for summary judgment in an action which seeks to recover a sum of $577.47, turned over to the defendant by the Chase Manhattan Bank, pursuant to a notice of levy served upon the bank in November of 1960. This sum of money was deposited in a joint account bearing the names of Bienvenida Riollano and Candia Garcia. The levy was made by the defendant in order to effect collection of additional income taxes for the year 1952, assessed against plaintiff Candia Garcia and her husband, Henry Garcia.

Plaintiffs' principal contention is that Riollano was and is the sole owner of

the monies deposited in the joint account; that it was her money that made up the funds in the account; that since no assessment existed against Riollano and no part of the bank account was the property of Garcia, the levy on the funds and the subsequent turning over of the funds was illegal. Defendant has denied these allegations in the complaint and contends that Riollano was not the sole source of the money in the account.

■■ The law of New York which applies here provides that a joint bank account such as the one in issue raises the presumption of a joint tenancy. Banking Law, § 134, subd. 3; Marrow v. Moskowitz, 1931, 255 N.Y. 219, 174 N.E. 460. This presumption may be rebutted by a showing through competent evidence that in the opening of the joint account something other than a joint tenancy was intended by the parties. Marrow v. Moskowitz, supra; Matter of Porianda's Estate, 1931, 256 N.Y. 423, 176 N.E. 826; In re Estate of Malone, 1960, 24 Misc.2d 133, 202 N.Y.S. 2d 804.

■ The mere fact that Riollano may have been the sole source of the deposit does not rebut the presumption of a joint tenancy. On the contrary, such a deposit seems to be the usual practice. See cases cited above.

■ In any event, the defendant has not had the opportunity to take the depositions of the plaintiffs and exercise its right to cross-examination, which is so important in a case where all the facts are solely in the knowledge of the moving party. Arnstein v. Porter, 2 Cir., 1946, 154 F.2d 464; Colby v. Klune, 2 Cir., 1949, 178 F.2d 872. The moving party bears the burden of showing the absence of any genuine issue of fact requiring a trial, and when there is the slightest doubt as to the facts the motion for summary judgment should be denied. Doehler Metal Furniture Co. v. United States, 2 Cir., 1945, 149 F.2d 130, 135; Bozant v. Bank of New York, 2 Cir., 1946, 156 F.2d 787.

Motion denied. So ordered.