In the Matter of the Accounting of CARL R. OLSON, as Executor of FRED W. OTTE, Deceased, Respondent. SALVATORE T. GAMBINO, as Committee of the Person and Property of BESSIE W. OTTE, an Incompetent Person, Appellant; ELLA SCHNEIDER et al., Respondents.—

In our opinion, the proof was clear that all of the funds deposited in the account in issue emanated solely from the husband's individual resources, except as to $777.48 not herein involved, and $4,000 the source of which was found "doubtful." Since the bulk of the funds was derived from the husband's separate property, the amendment of his account on October 1, 1952 into the form of a joint account was not conclusive, and the statutory presumption of joint tenancy therein was rebuttable as to funds withdrawn by the husband before his death (*Matter of Juedel,* 280 N. Y. 37, 42). Upon the proof furnished, the learned Surrogate, weighing all the evidentiary factors, properly concluded that the ostensible joint tenancy was in fact intended to endow the wife with a survivorship right only, with no title *de praesenti* to one half of the bulk of the funds so deposited or of any other part thereof (*Matter of Polizzo,* 308 N. Y. 517, 521; *Walsh* v. *Keenan,* 293 N. Y. 573, 578). As to the $4,000 of doubtful origin, a different rule obtains. Where the source or ownership is not known, the funds deposited in the account in issue should be treated as property belonging to husband and wife as tenants in common in equal shares (*Matter of Kaupper,* 141 App. Div. 54, 57, affd. 201 N. Y. 534; *Belfanc* v. *Belfanc,* 252 App. Div. 453, 456, affd. 278 N. Y. 563). Accordingly, the wife was entitled to a recovery of $2,000. Beldock, P. J., Christ, Hill and Rabin, JJ., concur; Ughetta, J., dissents and votes to affirm without modification.