(May 24, 1966)

■ In the Matter of the Estate of CHARLES H. LEISNER, Deceased. HENRY LEISNER, as Administrator of the Estate of CHARLES H. LEISNER, Deceased, Appellant-Respondent; CLARA MAHN, Respondent-Appellant.— Decree herein appealed from, unanimously modified on the law and the facts to strike the first and fourth ordering paragraphs and as so modified is otherwise affirmed, without costs or disbursements to either party. By the terms of the first ordering paragraph respondent is directed to pay the sum of $23,901.54, with interest, to petitioner, that being the excess withdrawn by respondent prior to decedent's death, and under the fourth ordering paragraph petitioner is directed to file a further administrator's bond to cover the additional sum so received. There is no dispute that the moneys in the accounts involved herein represented an accumulation of deposits by decedent. The original accounts were in the name of decedent. In a period from July, 1946, to sometime in 1952, decedent established eight statutory joint savings accounts with his niece, the respondent

herein. The bank books, save one, were given respondent for safekeeping and were in her possession on October 3, 1958, the date of the decedent's death from cancer. The various accounts were in the joint names of decedent and respondent "payable to either or to survivor." On several occasions respondent at decedent's direction withdrew moneys from some of the accounts to open new accounts or to add to existing accounts. Apparently no moneys were withdrawn by decedent or respondent for their personal use. On June 23, 1958, decedent was admitted to the hospital as a terminal cancer case and remained there until his death. Between July 9, 1958 and September 15, 1958 respondent, aware of decedent's fatal illness, withdrew in excess of $48,000 from the accounts, redepositing the major part in joint accounts with her brother. After decedent's death respondent withdrew the balances in the accounts. February 24, 1964, this discovery proceeding was brought by the administrator to determine title to funds. The Surrogate properly concluded there was no evidence the accounts were opened for mere accommodation or any motive which would rebut the presumption arising from the form of the accounts (Banking Law, § 239, subd. 3). The Surrogate also concluded that respondent was liable to the estate for the moneys withdrawn in excess of one half of the accounts. Such determination is in accord with the view expressed in many cases (*Matter of Suter*, 258 N. Y. 104; *Matter of Juedel*, 280 N. Y. 37). However, in this case there is credible evidence that decedent wished respondent to have the moneys on deposit and that he wished her to feel free to make withdrawals as and when needed. There is not the slightest hint of fraud, undue influence or overreaching, nor is there any evidence that respondent abused decedent's trust and confidence at any time when decedent could be harmed thereby. It is clear that decedent intended repsondent to have a right to draw freely without accountability to decedent. The fact that withdrawals for personal use were never made until shortly prior to decedent's death did not alter such understanding. Of course as survivor respondent was clearly entitled to the balance remaining in the account. Nor should respondent be held liable, on the evidence in this record, to repay the excess (*Matter of Murphy*, 23 A D 2d 866; Anno., 77 A. L. R., p. 799 *et seq.*). Concur — Botein, P. J., Breitel, McNally, Stevens and Eager, JJ.