Lyman H. Smith, J.
The issues in this action having regularly come on for trial before me (without a jury) at regular term of the court held in and for the County of Seneca, at the courthouse in Waterloo, New York, on the 19th and 20th days of January, 1966, and having heard the allegations and proofs of the parties hereto, and due deliberation having been had thereon, I hereby do find and decide as follows:
This is an action in equity initiated by the plaintiff wife for an accounting and also to impress a trust on certain moneys formerly deposited in savings accounts in the joint names of the above-identified parties, husband and wife. A companion action and counteraction for separation under the above title has been duly heard, tried and determined simultaneously herewith.
*154 Suffice it to say, the parties were married in 1942 and resided together as husband and wife until on or about May 4, 1965. Both were and still are residents of the State of New York. There has been no issue of the marriage. On or about May 4, 1965 the wife departed the marital abode and shortly thereafter the defendant husband closed the then existent joint accounts and transferred same to his own name alone.
Prior to the physical separation of the parties both were harassed by chronic physical disorders. In making its determination of the action and counteraction for separation this court gave full consideration to this couple’s understandable concern for the status of their health and consequent preoccupation with their financial security.
The salient facts affecting this action to impress a trust are as follows:
During the marriage period both parties have been almost continuously employed at the Seneca Falls Machine Shop, Seneca Falls, New York. They have always combined their incomes to meet necessary living expenses.
During the last few years the husband earned approximately $130 to $150 per week. The wife earned approximately $80 per week. Cash for small bills and household operating expenses was kept in the customary “ metal box ” in their home along with savings account and checking account passbooks. Both contributed cash sums in variant amounts to the “ metal box ”. Both had access to the same. The husband testified he carried “ about $1200 ” cash on his person at all times. Both shopped for food, although it is undisputed the wife usually made the bulk of food purchases.
Until their physical and marital difficulties reached a crescendo in 1964-65 this couple acted as a team. They contributed equally to the purchase price and in paying off the mortgage on their home. They still own the home (located on the Waterloo-G-eneva Road, Waterloo, N. Y.) as tenants by the entirety. For many years they owned and drove one automobile the cost of which they shared equally.
From the testimony of both parties the court gained the clear impression much of the wife’s available cash was used in operating the household and in meeting mundane living expenses, thus freeing the husband’s available funds for saving in the “joint” bank accounts which are the primary focus of this lawsuit. However, as previously noted, their mutual contributions to the “metal box”, their joint use of these funds, and deposits from time to time of accumulated funds therefrom *155 resulted in a commingling of such funds and to such extent that even they had difficulty making any precise delineation or separation when testifying concerning the expenditure thereof upon the trial.
As to the specific items which are the subject of the action here the court finds the facts to be as follows:
On May 31, 1957 an interest bearing savings account was opened at the Lincoln Eochester Trust Company (Geneva office) bearing the title “ Joseph E. or Jane E. Vassello, either or survivor.” (No. 25564.) The initial deposit was $503.31. On May 21,1965 this account contained $10,595.12 on which said date the husband closed the account, transferring it to an individual savings account in his name alone.
On July 28, 1953 an interest bearing savings account was opened at Geneva Federal Savings and Loan Association at Geneva, New York, bearing the title "Joseph E. or Jane E. Vassello, either or survivor ” (No. 36324). The initial deposit was $500. On May 24, 1965, this account contained $10,084.42 on which said date the husband closed the account, transferring it to an individual savings account in his name alone.
While the husband claimed he made most of the deposits to these savings accounts during the ensuing years and that it was “ his money ”, it was undisputed they often “ went to the bank ” together and from time to time the wife had made deposits to these accounts. There is little if any proof to establish or indicate these bank accounts were intended to be established as something other than joint tenancies.
Needless to say, the husband’s final withdrawal of funds from these joint accounts and transfer to his own name were accomplished without the knowledge and consent of the wife.
The defendant husband has asked that the entire sum of these aforesaid two savings accounts be declared to belong solely to him. However, on the trial the defendant was asked the following question (by the court) and gave the following answer:
Q. Did these accounts at Lincoln Eochester Trust Company and Geneva Federal Savings and Loan have any special purposes in your mind"? A. They were supposed to be for our old age; and to be used in case one of us had an awful, serious, long illness. (Italics supplied.)
Taken together with all the other testimony indicating their teamwork in earning, spending and saving during their peaceful years this court is compelled to conclude these accounts were opened and the money placed in the bank for the benefit of both of them. As was said by Justice Gleiwoit writing for *156 the court in Marks v. Marks (250 App. Div. 289, 291), “ In trying to determine what their intentions were, we should look to the circumstances as they existed while peace and happiness reigned in the family before any controversy arose. Now that the parties have been legally parted and have decided to go their separate ways, it would seem proper to treat the fund in the same manner that any partnership asset would be handled upon the dissolution of a firm, i.e., with all things being equal, to divide it evenly between plaintiff and defendant. ’ ’
While it is true a withdrawal of funds from a ‘ ‘ joint account ’ ’ opens the door to competent evidence that no joint tenancy was intended to be created (Matter of Porianda, 256 N. Y. 423), nevertheless the statutory presumption of joint tenancy (Banking Law, § 675, eff. June 1, 1965) will prevail in the absence of clear and entirely satisfactory proof to the contrary. (Matter of Bricker v. Krimer, 13 N Y 2d 22.) In the instant case defendant’s proof was not only insufficient to overcome the presumption, but, as above indicated, there was an abundance of 'proof supporting the presumption. Withdrawal of the entire sum from each account (in excess of his moiety) makes the defendant liable to the plaintiff (joint tenant) for the excess (one half) withdrawn. (Matter of Bricker v. Krimer, supra; Matter of Juedel, 280 N. Y. 37; Walsh v. Keenan, 293 N. Y. 573; cf. Russo v. Russo, 17 A D 2d 129.)
Finally, this court finds as a fact that the defendant husband has failed to present sufficient proof to impress a trust of one-half interest in a certain Cadillac automobile registered in the wife’s name, or in sums expended by the parties from a joint checking account in the National Bank of Geneva prior to May 4, 1965. As to any sums remaining in a joint checking account in the National Bank of Geneva this court reaches the same conclusion that it did concerning the joint savings account, i.e., each of the parties is entitled to a moiety (one half) therein. (Marks v. Marks, supra; Matter of Bricker v. Krimer, supra.)
CONCLUSIONS
1. That plaintiff is entitled to judgment against the defendant impressing a trust to the extent of a one-half interest in the sum of $10,595.12 (formerly deposited in the Lincoln Rochester Trust Company in joint account No. 25564) as of May 21,1965 together with one half of accumulated interest thereon to the date of entry of judgment herein.
2. That plaintiff is entitled to judgment against the defendant impressing a trust to the extent of a one-half interest in the *157 sum of $10,084.42 (formerly deposited in the Geneva Federal Savings and Loan Association in joint account No. 36324) as of May 24, 1965 together with one half of accumulated interest thereon to the date of entry of judgment herein.
3. That plaintiff is entitled to judgment against the defendant impressing a trust to the extent of a one-half interest in any joint checking account standing in the name of the parties as of May 21, 1965.
4. That defendant’s demand for judgment impressing a trust in all or part of the value of a certain Cadillac automobile or upon any bank account sole, owned by the plaintiff wife be and the same hereby are denied.