Per Curiam.

The instant action was brought to recover *52 moneys wrongfully withdrawn from a joint bank account. In 1955, plaintiff Rene Schwartz and her mother, Mrs. Bertha Schwartz, opened the account with a deposit of $9,000, obtained by cashing United States Savings Bonds held in their joint names. The account remained relatively inactive until November 1968 when Mrs. Schwartz, who was in failing health and about to enter a nursing home, directed her son (defendant David Schwartz and brother of the plaintiff) to close out the account. The entire balance ($9,857.27) was redeposited without the prior knowledge of plaintiff in another bank in the name of defendant’s wife Miriam Schwartz in trust for Mrs. Schwartz, for the purpose of paying the latter’s nursing home bills which were in fact thus paid and the fund exhausted. An action in conversion and money had and received was promptly instituted by the plaintiff against her mother, brother, and sister-in-law. During the pendency of the proceeding, Mrs. Schwartz passed away, and the action continued against the remaining defendants only.
The subject account having been established pursuant to statutory form, the law presumes that the parties intended the creation of a joint tenancy (Banking Law, § 675). The withdrawal by Mrs. Schwartz of all the moneys in the account was not sufficient to overcome this presumption (Russo v Russo, 17 AD2d 129). Nor was this a mere account for "convenience” (see Matter of Reardon, 52 Misc 2d 371, affd 29 AD2d 630, affd 22 NY2d 928).
As joint tenants, both the plaintiff and her mother had the right to withdraw up to one half of the account for their own use. By withdrawing the entire balance, Mrs. Schwartz became liable, during her lifetime, for the amount in excess of her moiety (one half) so withdrawn (Matter of Bricker [Krimer] v Krimer, 13 NY2d 22; Matter of Filfiley, 63 Misc 2d 824, affd 43 AD2d 981). However, her death while the action was pending left the plaintiff as the surviving tenant, and the trial court, applying the Filñley rule, permitted the plaintiff to recover the whole fund withdrawn, and not just her moiety (Matter of Filfiley, supra, p 830).
We distinguish the Filfiley case and cases similar thereto, such as Matter of Kleinberg v Heller (45 AD2d 514); Matter of Leisner (25 AD2d 844, affd 19 NY2d 869); Matter of Kessler (55 Misc 2d 17) and Matter of Kramer (54 Misc 2d 459). In these cases, surviving tenants who had wrongfully withdrawn amounts in excess of their moiety were permitted to retain *53 those funds as against the decedent’s estate — either on the theory that the decedent joint tenant had ratified or consented to the withdrawal; or because they would have acceded to the entire account in any event as survivors. But that is not the situation in the case before us. Here, it is the deceased joint tenant who withdrew more than her moiety, and the surviving tenant is seeking to recover the full amount of the former account. Under such circumstances, we believe the better rule would limit the plaintiffs recovery to one half of the withdrawn balance (see Matter of Bricker, supra, p 28; Ushinsky v Landis, 23 Misc 2d 87; Matter of Hunt, 65 Misc 2d 827; Matter of Libow, 46 Misc 2d 919). As each joint tenant had the right to withdraw up to her own moiety for her own use, there was an actual conversion of only one half of the account, and admittedly no more than this could have been recovered when the action was commenced. To hold that the death of Mrs. Schwartz during the course of the action enlarged the plaintiffs right to recover the total amount of an "account” which no longer exists in any form, and where the decedent, by her actions, obviously intended to deprive her joint tenant (plaintiff) of what was a mere expectancy in the whole fund, would be both inequitable and illogical, and stretches a legal fiction beyond its breaking point.
The defendants, in knowingly and actively participating in the withdrawal; and placing the funds so withdrawn in the name of defendant Miriam Schwartz, thus obtaining exclusive dominion and control over, and disbursing them, are liable to the extent of plaintiffs moiety in the account. The fact that they did not use the moneys for themselves is unavailing. An action in conversion lies notwithstanding that the wrongdoer did not apply the property to his own use (see 10 NY Jur, Conversion, §25). Thus, an agent is guilty of conversion although he acts in good faith for a principal who receives the benefit (Suzuki v Small, 214 App Div 541, 558, affd 243 NY 590; Passaic Falls Throwing Co. v Villeneuve-Pohl Corp., 169 App Div 727; Restatement, Agency 2d, § 349; 3 C.J.S., Agency, § 383).
The judgment, entered August 20, 1974, should be modified by decreasing the recovery thereof to the sum of $4,928.64, with interest, and, as modified, should be affirmed, without costs.