393 So.2d 565 (1981)
Gertrude LIEBERMAN, Appellant,
v.
Norman SILVERSTEIN and Estelle Merbaum, As Personal Representative of the Estate of the Late Sadie Silverstein Miller, Appellees.
No. 80-788.
District Court of Appeal of Florida, Third District.
January 13, 1981.
Rehearing Denied February 13, 1981.
Kwitney, Kroop & Scheinberg and Bruce J. Scheinberg, Miami Beach, for appellant.
David Theodore Berg and Michael L. Mann, Miami, for appellees.
Before SCHWARTZ, NESBITT and PEARSON, JJ.
SCHWARTZ, Judge.
The plaintiff below, Gertrude Miller Lieberman, seeks review of an adverse final judgment rendered after a non-jury trial. In issue were the proceeds of two savings accounts in New York institutions which had been established with his own funds by the plaintiff's father, Max Miller, in their joint names. Subsequently, Mr. Miller moved to Miami Beach and married his second wife, Sadie Silverstein Miller, on December 12, 1971. In February, 1972, at his request, Mrs. Lieberman forwarded the passbooks to the accounts to her father. With Sadie's knowledge, Mr. Miller promptly drew out all the funds and put them into a certificate of deposit in the names of Max and Sadie Miller. Mrs. Miller succeeded to the certificate when Max died on March 12, 1973. Mrs. Lieberman made no claim to any portion of the accounts against her father, his estate, or otherwise, until this action was filed against Mrs. Miller in September, *566 1974.[1] She then contended that, under the law of New York,[2] she was the vested owner of a "moiety," that is, one-half, of the jointly-held accounts, for the reimbursement of which Sadie was liable as a knowing recipient of the proceeds. N.Y. Banking Law, § 675 (McKinney); Manta v. Manta, 56 A.D.2d 624, 391 N.Y.S.2d 680 (1977); Schwartz v. Schwartz, 82 Misc.2d 51, 365 N.Y.S.2d 589 (Sup.Ct. 1975). We affirm the judgment under review on the ground that the circumstances which have been outlined support the conclusion that the plaintiff impliedly consented to or ratified Mr. Miller's withdrawal of the entire contents of the accounts. Kleinberg v. Heller, 38 N.Y.2d 836, 382 N.Y.S.2d 49, 345 N.E.2d 592, 595-96 (1976) (concurring opinion of Fuchsberg, J.);[3]In re Leisner's Estate, 25 A.D.2d 844, 268 N.Y.S.2d 375 (1966), aff'd, 19 N.Y.2d 869, 280 N.Y.S.2d 671, 227 N.E.2d 593 (1967); Estate of Kessler, 55 Misc.2d 17, 284 N.Y.S.2d 288 (1967), aff'd, 35 A.D.2d 710, 314 N.Y.S.2d 898 (1970), aff'd, 30 N.Y.2d 821, 334 N.Y.S.2d 910, 286 N.E.2d 283 (1972).
Affirmed.
NOTES
[1] During the pendency of this action, Mrs. Miller also died. The representatives of her estate are the present appellees.
[2] It is clear that New York law governs the rights of the parties to a jointly held bank account located there and therefore controls the issues involved in this case. Seng v. Corns, 58 So.2d 686 (Fla. 1952); Annot., Joint Bank Deposits  Governing Law, 25 A.L.R.2d 1240 (1952).
[3] At 382 N.Y.S.2d 53, 345 N.E.2d 596, Judge Fuchsberg's opinion states:

Other factors which, absent more direct proof, appear to be among those available for consideration in such cases to determine whether the excess withdrawer's burden of proving consent has been met, are the duration, nature and closeness of the business, social or familial relationship between the tenants; the presence or absence of a habit of freely commingling their funds; significant revelations, if any, in the tenants' testamentary dispositions; the generosity, or lack of it, manifested by the survivor in his other inter vivos dealings with the decedent; the amounts involved; the pattern of withdrawals; their purpose and timing; the age and physical and mental condition of each at the time of the withdrawal; the source of the funds; the circumstances in which possession of the bankbook came into the hands of the survivor at the time of the withdrawal; decedent's ignorance or knowledge of the withdrawal and, if the latter, the length of time during which it existed; the protest or lack of protest against the withdrawal; the efforts, if any, to effect its return, considering of course, the absence or presence of opportunity to do so; and, highly important, whether the survivor was the donor. [e.s.]
We have provided the emphasis upon those factors which are pertinent to this case.